JOHN S. HOLMES *vs.* HANNAH H. DREW.

Suffolk.   November 15, 1889. — June 20, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Private Sidewalk — Invitation to Public — Negligence — Notice.*

An abutter on a public street built upon his land a sidewalk, continuous laterally with that of the street, the whole apparently forming one sidewalk for the use of foot travellers, and negligently suffered it to fall into a dangerous condition, and a traveller fell thereon and was injured. *Held,* that such traveller was

impliedly invited to use the sidewalk, and might recover against the abutter for his injuries.

The notice required by the Pub. Sts. c. 52, §§ 19, 21, to be given by a person injured in his person or his property by a defect in a highway, was *held* unnecessary.

TORT for personal injuries sustained by the plaintiff by falling upon a private sidewalk belonging to the defendant, and negligently suffered by her to remain in a dangerous condition. At the trial in the Superior Court, before *Blodgett*, J., there was evidence tending to prove the following facts.

The defendant was the owner of an estate abutting on West Rutland Square, a public street in the city of Boston. The buildings fronting upon this street, including that of the defendant, had been placed by their owners sixteen feet back from the street line, and a brick sidewalk had been laid by them upon the intervening space. In front of the defendant's building, this sidewalk was nowhere less than eight feet wide, of which but eight inches were included within the limits of the street, the remainder being entirely upon the defendant's land. This entire sidewalk was so constructed by the defendant as apparently to constitute a public sidewalk, with nothing to indicate any difference or line of separation between what was public and what was private. The bricks of the sidewalk at the intersection of the street with a private way, which crossed it and formed the boundary of one side of the defendant's estate, were kept in position by a board which extended from the side of the street at right angles into the defendant's land, and projected above the bricks for a height varying from an inch and a quarter to six inches and a quarter. In front of the defendant's building and upon her land, over an irregular space covering about fifteen square feet extending from this board into the sidewalk, the bricks had become loose, misplaced, and thrown into various irregular positions, and had there remained for several months before November 4, 1887. On the evening of that day, the plaintiff, while travelling along the sidewalk upon the defendant's premises towards the private way, being in the exercise of due care and supposing that the sidewalk was a part of the street, stumbled over the loose bricks and the projecting board above described, and, falling down, was severely injured. The plaintiff did not give to the

defendant the notice mentioned in the Pub. Sts. c. 52, § 19. After the accident, the loose bricks on the defendant's premises were replaced in proper position, and the sidewalk put in safe condition, but it did not appear who did it.

The judge upon the above facts directed a verdict for the defendant; and the plaintiff alleged exceptions.

*H. N. Sheldon*, for the plaintiff.

*W. B. Orcutt*, for the defendant.

W. ALLEN, J. The jury might have inferred from the facts stated that the defendant laid out and paved the sidewalk on her own land in order that it should be used by the public as the sidewalk of the street, and allowed it to remain apparently the part of the street that was intended to be used by foot passengers. This would amount to an invitation to the public to enter upon and use as a public sidewalk the land so prepared, and the plaintiff so using it would have gone upon the defendant's land by her implied invitation, and she would owe to him the duty not to expose him to a dangerous condition of the walk which reasonable care on her part would have prevented. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Oliver* v. *Worcester*, 102 Mass. 489. *Davis* v. *Central Congregational Society*, 129 Mass. 367, 371. *Murphy* v. *Boston & Albany Railroad*, 133 Mass. 121.

The place was not a way, and the Pub. Sts. c. 52, § 19, do not apply. The ground of the defendant's liability is not her obligation to keep a way in repair; but her obligation to use due care that her land should be reasonably safe for the use which she invited the plaintiff to make of it. Whether she invited the plaintiff to cross her land on a paved walk, whether the pavement was in such a condition as to render walking over it dangerous, whether it was in that condition through the negligence of the defendant, and whether the plaintiff was hurt in consequence while in the exercise of due care, were questions proper to be submitted to the jury.

*Exceptions sustained.*