HENRY M. STEVENS *vs.* GEORGE B. NICHOLS & another.

Suffolk.   November 12, 1891. — February 23, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Tort — Private Way — Licensee.*

Where the defendants opened a paved private way into a public street without putting up any sign to notify travellers that the passageway was not a public way, and the plaintiff, who was not shown to have any right in the passageway unless as one of the public, while on his way to premises beyond those of the defendants, was injured by driving over a curbstone in the passageway hidden by snow, no active force being used against him, it was *held* that the plaintiff was at most but a licensee, and went upon the defendants' land at his own risk.

TORT, to recover for injuries occasioned to the plaintiff by driving over a curbstone covered with snow in a private way

controlled by the defendants. At the trial in the Superior Court, *Mason*, C. J., at the defendants' request, ruled that, upon the pleadings and the plaintiff's opening, he could not maintain the action, and ordered a verdict for the defendants; and the plaintiff alleged exceptions. The facts, so far as material to the points decided, appear in the opinion.

*E. O. Achorn*, for the plaintiff.

*J. L. Thorndike*, for the defendants.

LATHROP, J. The declaration in this case, so far as material to the questions presented at the argument, alleged that the defendants on the day of the accident were, and had been for a long time, lessees and occupants of an estate on Atlantic Avenue in Boston; that the defendants maintained a way or street down by their premises, "leading out of said Atlantic Avenue, and extending to other premises beyond; that said street was in all particulars like the public streets of the city of Boston, being paved with granite blocks, and having sidewalks, and to all appearances was a public thoroughfare; that the defendants had placed no sign or notice of any kind upon or about said street . . . which would give warning to the plaintiff or to the public that said street was private property, or dangerous, but had erected a granite curbing out into said street, extending one half the distance across the same, on a line with the rear of their estate, said granite curbing being from six to seven inches above the grade of the paving; that said obstruction was dangerous both by day and by night to all persons who entered upon or passed through said street; that on or about said day the plaintiff had business that called him to the premises that lie beyond the estate of the defendants on said street, and, supposing and assuming that said street was a highway, and being induced by the acts and omissions of these defendants to so suppose and assume, entered in and upon said street to drive through the same; that said obstruction was covered by snow at said time, and plaintiff was unable to see the same; and, while in the exercise of due care, his sleigh struck said granite curbing," and he was thrown out and injured.

The opening of the plaintiff's counsel added but little to the declaration. It stated that " the snow lay perfectly level " where the curbstone was; that the plaintiff was driving through

the defendants' way " into the way lying beyond, of which it was ·. . . an extension," to reach the works of the company for which he was working. It also stated that, before the defendants controlled the way under the written lease, they owned the premises, erected the building, paved the way, and put in the curbstone; " that ever since this building and other buildings had been erected down there the public made use of that way, as they would use any other street in the city; that is, as much as they had any occasion to pass down there with teams or on foot."

It does not appear that the plaintiff had any right in the way, unless he had it as one of the public. There is no allegation or statement that the plaintiff had ever used the way before, or that he knew the way was paved, or noticed whether there was a sign or not. Indeed, if he was then using the way for the first time, the fair inference would be, from the statement of the condition of the snow, that the fact that the way was paved was unknown to him until after the accident, and did not operate as an inducement to enter the way. The declaration contained no allegation as to any use by the public of the way, and the statement in the opening of counsel, that the public made use of that way, was qualified by the words, " that is, as much as they had any occasion to pass down there with teams or on foot." It is difficult to see how vehicles of any description could, when the paving was sufficiently visible to act as an inducement, go over that portion of the way which the defendants controlled.

Without laying stress upon these points, we are of opinion that the declaration and the opening of the plaintiff's counsel do not show that there was any breach on the part of the defendants of any duty which they owed the plaintiff. The defendants were not obliged to put up a sign notifying travellers on the public street that the passageway was not a public way. *Galligan* v. *Metacomet Manuf. Co.* 143 Mass. 527. *Reardon* v. *Thompson*, 149 Mass. 267. *Redigan* v. *Boston & Maine Railroad*, *ante*, 44.

Nor can the fact that the passageway was paved be considered an invitation or inducement to the public to enter upon it for their own convenience. The defendants have a right to pave it for their own use or for the use of their customers. *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75. *Heinlein* v. *Boston &*

*Providence Railroad,* 147 Mass. 136. *Reardon* v. *Thompson,* 149 Mass. 267. *Donnelly* v. *Boston & Maine Railroad,* 151 Mass. 210. *Redigan* v. *Boston & Maine Railroad, ante,* 44.

There was in this case no allegation and no statement that the defendants had any knowledge that the public was using the passageway, or of such a condition of things that it can be said that they must have known of it. But if it be assumed that there was such use and such acquiescence that a license might be implied, the plaintiff stands in no better position. " The general rule is," as stated by Mr. Justice Holmes in *Reardon* v. *Thompson, ubi supra,* "that a licensee goes upon land at his own risk, and must take the premises as he finds them." See also *Redigan* v. *Boston & Maine Railroad, ante,* 44; *Gautret* v. *Egerton,* L. R. 2 C. P. 371, 374.

The licensor has, however, no right to create a new danger while the license continues. *Oliver* v. *Worcester,* 102 Mass. 489, 502. *Corrigan* v. *Union Sugar Refinery,* 98 Mass. 577. *Corby* v. *Hill,* 4 C. B. (N. S.) 556. So a railroad company which allows the public habitually to use a private crossing of its tracks cannot use active force against a person or vehicle crossing under a license, express or implied. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368. *Murphy* v. *Boston & Albany Railroad,* 133 Mass. 121. *Hanks* v. *Boston & Albany Railroad,* 147 Mass. 495. See *June* v. *Boston & Albany Railroad,* 153 Mass. 79, 82.

We have no occasion to consider whether the case of *Holmes* v. *Drew,* 151 Mass. 578, is open to the criticism that it is inconsistent with the doctrine that a person who dedicates a footway to the public use is not obliged to keep it in repair, (see *Fisher* v. *Prowse,* 2 B. & S. 770, 780, and *Robbins* v. *Jones,* 15 C. B. (N. S.) 221,) as we are of opinion that that case has no application to the case at bar. In *Holmes* v. *Drew,* the defendant made a continuous pavement in front of his house, partly on his own land and partly on the public land; and it was held that the jury might infer from this an invitation to walk over the whole pavement. In the case at bar, the defendants merely opened a private way into a public street, and we fail to see that they thereby invited the public to use it, even though it were paved.

*Exceptions overruled.*