WILLIAM H. QUIGLEY *vs.* ALEXANDER B. CLOUGH.

Suffolk.    March 28, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Barbed Wire Fence — " Along " — Statute — Action.*

Where a house stands at the corner of two streets which are at right angles to
  each other, the sides of the house being parallel to and at a distance from the
  streets, a barbed wire fence running diagonally from the corner of the house
  across the grass to the corner of the streets is not maintained " along " a side-
  walk, within St. 1884, c. 272, § 1; and the owner is not liable to an action by
  a person who, having by mistake after dark left the line of the street, is injured
  by coming in contact with the fence.

TORT, for personal injuries sustained by coming in contact
with a barbed wire fence maintained upon the defendant's land
in Boston.   The declaration contained two counts, one under
St. 1884, c. 272, § 1, and the other at common law.   Trial in
the Superior Court, before *Blodgett*, J., who, at the defendant's
request, ruled that the statute did not apply, and that the
action could not be maintained at common law; and directed
the jury to return a verdict for the defendant; and the plain-
tiff alleged exceptions.   The facts appear in the opinion.

*A. H. Russell & R. S. Bartlett*, for the plaintiff.

*A. Hemenway & S. D. Charles*, for the defendant.

HOLMES, J.   This is an action for personal injuries.   The
defendant had a house at the corner of two streets which were
at right angles to each other, and the sides of the house were
parallel to and at a distance from the streets.   The defendant
maintained a barbed wire fence running diagonally from the
corner of his house across the grass to the corner of the streets.
The plaintiff by mistake after dark left the line of the street,
walked upon the grass, came against the fence, and was injured.
The judge directed a verdict for the defendant, and the case is
here on exceptions.

It does not need argument to show that this was not a
fence maintained " along " a sidewalk within St. 1884, c. 272,
§ 1.   But it seems that there had been a plain wire fence in

the same place, which had been replaced by the present one, and it appeared that the defendant said that he put up this one because the plain wire fence did not serve his purposes. The plaintiff argues that, especially taking this indication of the defendant's purpose into account, the defendant is answerable on the principle of liability for spring guns. *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211, 213.

But we are of opinion that the ruling was right. Barbed wire is well known and has been widely used for fencing, as more efficient than common wire. Not only does experience not warrant saying that the use of it upon a man's own land, upon which he has a right to expect people not to trespass, shows an expectation that they will come there and an intent to hurt them when they do, but every one knows the contrary, that barbed wire has been used by hundreds of people who had no malicious intent. It is or has been a common article of commerce, and the use of it simply shows an intent to make it more difficult to pass the line of the fence. Therefore the limitation laid down in *Chenery* v. *Fitchburg Railroad, ubi supra*, applies. The remark of the defendant confirms rather than weakens our conclusion. For it implies that the plain wire fence was put there with the same purpose as the barbed. The common purpose can only have been to prevent people from taking a short cut across the defendant's grass, and that is the common sense of the matter.

*Marble* v. *Ross*, 124 Mass. 44, goes at least to the verge of the law. But there the vicious stag was an active source of harm which attacked the trespasser. Here there was nothing but an inert object intended to prevent trespassing, which could do no harm unless the trespass itself brought the trespasser into contact with it. See *Daniels* v. *New York & New England Railroad*, 154 Mass. 349 ; *Holbrook* v. *Aldrich*, 168 Mass. 15 ; *Howland* v. *Vincent*, 10 Met. 371 ; *McIntire* v. *Roberts*, 149 Mass. 450, 452, 453.

*Exceptions overruled.*