CONGETA D'AMICO *vs.* CITY OF BOSTON.

Middlesex.    March 23, 1900. — October 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Personal Injuries — Defective Way — City — Contract — Negligence — Action — Notice.*

If a city takes by right of eminent domain for a water basin land in a town within the limits of a highway which is at the same time discontinued, and contracts with the town to provide for the public a safe and convenient way for travel over or around the discontinued way until the completion of a new way to be substituted therefor, which contract is ratified by statute, a person who, while travelling on the old way, which is continually in use by the public before the completion of the new way, no temporary way around the old way being con-

structed, is injured by a defect in the old way, may maintain an action against the city for his injury, and he is not bound to give the notice required by Pub. Sts. c. 52, § 19.

TORT, for personal injuries occasioned to the plaintiff by a defect in a way in Southborough which the defendant city was alleged to be bound to keep in repair. Trial in the Superior Court, before *Blodgett,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. J. Shaughnessy,* for the plaintiff.

*S. M. Child,* for the defendant.

LORING, J. We are of opinion that the ruling directing a verdict for the defendant was wrong. The city of Boston had taken by right of eminent domain a large tract of land in Southborough for the purpose of constructing on it a water basin in connection with its water supply. A portion of the highways which had been laid out through this tract of land before it was taken by the city were discontinued, and among others the way on which the plaintiff was driving, when the accident occurred causing the injuries complained of in this action. The city had made a contract with the town of Southborough to do the work made necessary by the discontinuance of these ways, by the relocation of other ways in this tract, and by changing the grade of still other ways in it. The ways discontinued were marked blue on a plan referred to in this contract, those relocated were marked red, and those the grade of which was changed were marked yellow. In this contract was the following covenant of the city of Boston: " Said city . . . shall secure to all persons desiring to use any of said parts shown in red, yellow or blue, a safe and convenient way of travel over or around each part from the time said city shall construct or commence work on the same until the completion of the substitute therefor in the manner aforesaid, and shall at all times during the progress of its work secure safe and convenient ways of travel between Southborough and the neighboring towns, and between the different parts of said town." This contract was ratified and confirmed by St. 1894, c. 108.

The plaintiff, with three others, was driving from Fayville to Marlborough on one of the ways which had been discontinued.

It is stated in the bill of exceptions that this way, though discontinued, "had been continually in use by the public. . . . There was no other road open for travel between Fayville and Marlborough at the time. . . . The road remained open the same as it was when the land was taken by the defendant, and no notices were posted or anything done to indicate that the road was not to be used. . . . The road to be substituted for this road under the said contract with the town of Southborough was being constructed but not completed at the time of the accident. The defendant was engaged at this time in the construction of the new roads called for in the contract between the city of Boston and the town of Southborough."

There was evidence that the discontinued way over which the plaintiff was travelling was in a defective condition, and, if the defendant owed the plaintiff any duty in keeping it in a safe condition for travel, that it was negligent in allowing it to be in the condition in which it was at the time of the accident.

We are of opinion that the defendant had invited the plaintiff to use the way in question, and therefore owed him the duty of not exposing him to a dangerous condition which reasonable care on its part would have prevented. *Holmes* v. *Drew*, 151 Mass. 578.

In *Moffatt* v. *Kenny*, 174 Mass. 311, it was held that if the owner of land lays out a road or way on his own land connecting two public highways, and constructs it in all respects like a public way, he has not thereby represented that the way is a public way, nor has he thereby invited the public to use it, if in fact the way was intended for the convenience and use of the abutters on the road or way in question. In that case notices had been posted stating that the way was not a public way. In *Stevens* v. *Nichols*, 155 Mass. 472, it had been previously held, under the facts appearing in that case, that the failure to post a notice that the way was not a public way did not change this result. On the other hand, it was held in *Holmes* v. *Drew*, 151 Mass. 578, that an owner who constructs a sidewalk uniform in appearance in part on his own land and in part within the limits of a public way, impliedly invites the public to use the whole walk as part of or as a public way.

In the case at bar the defendant must be taken to have left

the way open intending that it should be used by the public as a way and not for the use of abutters.

The defendant, by taking for a water basin the land within the limits of the old highway which was at the same time discontinued, became the owner of the land in fee. Under its contract with the town of Southborough the defendant was bound to provide for the public " a safe and convenient way of travel," either over or around the discontinued way while the new way was in process of construction. It did not construct a temporary way around the discontinued way, and therefore in leaving the old way open for travel the defendant must be taken to have elected to leave " a safe and convenient way of travel " over the discontinued way in place of around it.

While it is true that the plaintiff cannot sue on the contract under which the way was left open, since he was not a party to it, the contract is important as showing that the way was left open for the use of the public ; if it was left open for the use of the public, there is an invitation to the public to use it, and the case falls within *Holmes* v. *Drew*, 151 Mass. 578.

It is stated in the bill of exceptions that " on behalf of the defendant there was evidence that there was another road open for travel between Fayville and Marlborough, but that it was not then made, it was being constructed but not completed, it being one of the new highways to be built by the city of Boston under its agreement with the town of Southborough." All that this can fairly be taken to mean is that the new way, though not completed, was in fact used by the public. But the defendant's obligation to provide a temporary road was not ended " until the completion of the substitute therefor " ; this evidence did not show that that time had arrived.

As the city of Boston acquired the fee in the old highway, and made the contract to do the work of constructing these roads in the construction of a new water basin for its water supply, which is conducted by it as a commercial undertaking, it is liable to the same extent to which an individual would have been liable in making such a contract, and the plaintiff was not bound to give the notice required by Pub. Sts. c. 52, § 19.

*Exceptions sustained.*