EMILY NOYES *vs.* LOAMMI B. CARR.
WALTER E. NOYES *vs.* SAME.

Worcester.   October 1, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Nuisance.   Fence.*

A fence, which has stood for thirty years, made of iron pickets about two feet high standing upon a stone curbing thirteen inches high, the front face of the curbing adjoining a public sidewalk and the nearest part of the iron fence being two inches back from the face of the curbing, cannot be found to constitute a nuisance.

The owner of such a fence, on whose land it stands, owes no duty to a traveller on the adjoining sidewalk in regard to the fence except not to injure him by wilful, wanton or reckless conduct.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries sustained by her on March 18, 1916, by striking her hand upon one of the iron pickets of a fence belonging to and maintained by the defendant, when she was falling by reason of having slipped upon ice and snow upon the sidewalk on Church Street, a public highway in the village of Whitinsville in the town of Northbridge, adjoining the foundation of the fence, and the second action by the husband of the plaintiff in the first case for loss of services and medical expenses suffered and incurred by reason of her injuries.  Writs dated June 10, 1916.

In the Superior Court the cases were heard together by *O'Connell,* J., without a jury.  The evidence is described in the opinion. At the close of the evidence the judge ruled that as matter of law there was no evidence of negligence on the part of the defendant and found for the defendant in both cases.  The plaintiffs alleged exceptions.

· The cases were submitted on briefs.

*H. W. Brown & F. B. Spellman,* for the plaintiffs.

*G. S. Taft,* for the defendant.

· DE COURCY, J. Emily Noyes, the plaintiff in the first case, (hereinafter referred to as the plaintiff,) while walking on the sidewalk of Church Street in Whitinsville, slipped on the ice and snow and in falling backward put out her hand to protect herself. Her hand struck the fence in front of the defendant's dwelling house and was seriously injured. This fence, constructed thirty years before, was made of iron pickets about two feet high, standing upon a stone curbing thirteen inches high. The front face of the curbing was on the street line; and the nearest part of the iron fence was two inches back from the face of the curbing.

The entire fence was on the land of the defendant, and it was not in consequence of any invitation or inducement, express or implied, on his part that the plaintiff was on this land at the place where she was injured. Whether she be regarded as a trespasser or a licensee she must take the land as she finds it; and the defendant was not answerable for her injury in the absence of wilful, wanton or reckless misconduct or negligence on his part. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76.

The fact that the defendant's land abuts on the public way does not make such fence a nuisance or create a liability to persons passing on the sidewalk. As was said in *McIntire* v. *Roberts,* 149 Mass. 450, 453, "In this Commonwealth the obligation of a city or town to put up guards against pitfalls which are so near to a highway as to make it unsafe for travellers, is similar to the obligation which it seems is imposed upon abutters by the English law. We are not aware that it has ever been decided here, that excavations made by the owner of land outside the limits of a highway, but so near to it as to make it unsafe for travellers, constitute a public nuisance, for creating or maintaining which the landowner may be punished." And see *Moffatt* v. *Kenny,* 174 Mass. 311. In like manner the landowner, in the exercise of dominion over the whole of his estate, may maintain proper structures near the line of travel on a street. *Howland* v. *Vincent,* 10 Met. 371. *McIntire* v. *Roberts, supra.* The contention that this fence constituted a public nuisance is disposed of by the cases of *Quigley* v. *Clough,* 173 Mass. 429, where

the plaintiff was injured by coming in contact with a barbed wire fence running diagonally from the corner of a house across the grass to the corner of two streets; and *Mead* v. *Strauss,* 202 Mass. 399, where the landowner maintained a line of stakes about sixteen inches high along the top of which a wire was strung three inches back from the line of the sidewalk.

*Exceptions overruled.*