ELIZABETH RUTH BRUCE SKALING *vs.* BRIDGET A. SHEEDY ET ALS.

Second Judicial District, Norwich, October Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The conclusions of a jury upon conflicting evidence will not be disturbed.

The complaint in the present case alleged that the plaintiff was injured by a barbed wire fence maintained upon the defendants' premises "contrary to the statutes in such case made and provided," but, at the close of the evidence, the plaintiff was permitted to strike out the reference to the statutes, and the case was then submitted to the jury as one based on common-law negligence. *Held* that in view of this withdrawal, it was error for the trial court to read to the jury the statutes forbidding the use of barbed-wire fences in certain places, and to instruct them that these statutes, though having nothing to do with the case, were evidence that the General Assembly had determined that the use of barbed wire under certain circumstances was dangerous.

The doctrine of "attractive nuisance" has never been adopted in this State.

If one of the issues in a negligence case is the cause of the injuries, the doctrine of "proximate cause" as related to the conflicting claims of the parties should be adequately explained to the jury.

It is a preliminary question for the trial court whether photographs, taken some time after an accident and offered solely for the purpose of showing the general location of the premises, are suffi-

ciently accurate to be of evidential value; and its decision thereon will rarely be reviewed.

In the absence of any motion to make the complaint more specific, evidence of injuries to and loss of teeth is admissible under an allegation that the plaintiff received "severe and permanent injuries about her head and face."

An amendment of the complaint to conform to the plaintiff's evidence, gives the defendant no just cause of complaint, if he is afforded a full opportunity to introduce testimony bearing upon the subject-matter of the amendment.

The allowance of such an amendment falls within the discretion of the trial court, whose action will be reviewed on appeal only when it appears that such discretion has been abused.

Argued October 21st—decided December 1st, 1924.

ACTION to recover damages for injuries to the person, alleged to have been caused by the defendants' negligence in maintaining a barbed-wire fence upon their premises, brought to the Superior Court in New London County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for $400, and appeal by the defendants. *Error and new trial ordered.*

Upon the trial of this action to the jury the plaintiff offered evidence to prove these facts: That the plaintiff, a child of seven years, during the winter of 1922, together with other children, was in the practice of coasting upon the land of one Darrow, adjoining the land of the defendants, close to the boundary line between the Darrow and defendants' properties; that the defendants had knowledge that children were accustomed to, and were, using this Darrow land, close to the boundary of their own land, at the time of the injuries sustained by the plaintiff and for a long time prior thereto; that the defendants had erected and had maintained, upon their land near the boundary line between their land and the Darrow land, a line of barbed wire, strung between a stake close to the boundary line on Darrow Street and running back thereon toward the defendants' house for some seventeen or

eighteen feet, the height of the barbed wire being approximately a foot or two from the ground; that the intention of the defendants in the erection of this barbed-wire fence was for the purpose of doing harm to persons coming upon their land; that on February 13th, 1922, the plaintiff was coasting on a sled on the Darrow land with two other children, and as the sled approached the defendants' property and in close proximity thereto, it struck a rock which deflected the sled from its course, so that it veered toward the defendants' land and caused the plaintiff to fall from the sled and to strike and collide with the barbed-wire fence constructed and maintained by the defendants; that by reason of the plaintiff coming in contact with the barbed-wire fence she received severe and painful injuries, leaving permanent scars upon her face and causing a lump to appear and grow upon her ear, the removal of which will require a surgical operation; that the erection and maintenance of the barbed-wire fence in the position it was, by the defendants, was, under the circumstances, negligence, and was the sole and proximate cause of the injuries to the plaintiff.

The defendants, on the other hand, claimed to have proved these facts: that the wire on the defendants' land was a piece about seven or eight feet long, which formerly had been barbed wire, but was old and rusty and most of the barbs thereon were gone when it was found by one of the defendants, James H. Sheedy; that this defendant removed with a pair of pliers all barbs remaining on the wire, and then strung the wire on the defendants' land from a point about two and one half feet inside the defendants' property line to a stick located near the veranda of the defendants' house; that the wire was put up by this defendant to keep adults from crossing the defendants' lawn and wearing a path thereon; that some adults in the neighborhood had pre-

viously persisted in crossing the defendants' lawn, and the wire was put up for the sole purpose of preventing trespassers from crossing this lawn and was wholly upon the defendants' land; that when the plaintiff was thrown from her sled she struck upon the ground and was thrown into the hedge in front of the defendants' land, and that the cuts and scratches on the plaintiff's face and ear were not caused by coming in contact with the wire, but were caused by the plaintiff being thrown into the hedge.

*Frank L. McGuire,* for the appellants (defendants).

*Arthur T. Keefe,* for the appellee (plaintiff).

KELLOGG, J.   In this appeal the defendants seek a new trial for claimed errors of the court in denying their motion to set aside the verdict, in its charge, and upon rulings upon evidence.

The denial of the motion to set aside the verdict was proper, for the parties were in conflict upon their evidence in many material points, and we have recently said in *Onofrey* v. *Resnik,* 100 Conn. 748, 124 Atl. 401: "The evidence was conflicting and hence the determination by the jury of the issue of negligence and contributory negligence in favor of the defendants must stand unless we can say as matter of law that the jury's conclusions were such that reasoning minds could not reasonably have reached them." We cannot say in this action that the jury's conclusions, under the charge as given them, were such that reasoning minds could not reasonably have reached them.

Taking into consideration now the claimed errors of the court in its charge, it is to be noted that this action was originally brought and tried to the jury upon the allegation of maintaining a barbed-wire fence between

Skaling *v.* Sheedy.

the land of the defendants and the Darrow land, upon
which the plaintiff and others were coasting, contrary
to the statutes relating to barbed-wire fences; but upon
the closing of the evidence and following a motion to
direct a verdict for the defendants, the court permitted
the plaintiff to file an amendment to the complaint
striking out the words "contrary to the statutes in such
case made and provided," and the case was thereupon
submitted to the jury as one founded on common-law
negligence.   Notwithstanding this, the court read to
the jury three statutes of this State relating to the use
of barbed wire along any sidewalk or public highway,
to the use of barbed wire between adjoining premises,
and to the use of barbed wire connected with or enclos-
ing the grounds of any public school or public building.
Following this reading, the court charged the jury that
these statutes had nothing to do with the case, except
as evidence that in certain circumstances the General
Assembly had determined that the use of barbed wire
is a thing to be avoided or a dangerous thing.   With
the allegation of statutory negligence withdrawn, the
court should not have read these statutes to the jury,
nor should it have charged that they could be consid-
ered as evidence that the use of barbed wire was a dan-
gerous thing.   Barbed wire is or has been a common
article of commerce, and in itself is not a dangerous
thing.   See *Quigley* v. *Clough,* 173 Mass. 429, 53 N. E.
884, 45 L. R. A. 500.   The statement of the court that
these statutes could be treated as evidence in the case,
introduced an element concerning which no evidence
had been introduced, and could easily have had some
influence upon the jury in their determination that the
alleged use of barbed wire by the defendants was negli-
gent.

The court further charged the jury in the following
words: "The gratification of the natural disposition of

healthy children to engage in innocent sports, such as that in which the plaintiff was engaged when injured, cannot be regarded as a fault; and one who maintains a place thus inviting to such persons of immature minds, and has knowledge that they are accustomed to resort to these premises for the indulgence of their natural inclination to engage in sports to which such a place is peculiarly adapted, cannot be said to have no duty with reference to the property, concerning the personal safety of the children so engaged." This instruction to the jury was also objectionable. In the first place it was a clear and definite statement of the doctrine of attractive nuisance which "has never been sanctioned by this court as law in this State." *Wilmot* v. *McPadden*, 79 Conn. 367, 65 Atl. 157. Also, it had no bearing upon the present case, as it assumed an invitation to persons of immature minds to come upon the defendants' premises, whereas the coasting by the children was upon the Darrow land and wholly outside of the land of the defendants.

Further objection is made by the defendants to the following portion of the charge by the court: "In most cases a third essential for a plaintiff to establish is the causal connection between the defendants' negligence and the plaintiff's injury, making of that negligence what we call 'the proximate cause' of the injury. In this case if you find negligence on the part of the defendants, and freedom from negligence on the part of the child, I feel that I am not required to say much about proximate cause, and therefore pass to the fourth essential of the plaintiff's case, and that is the fact and amount of the injury." Two witnesses offered by the defendants had testified that immediately following the accident they had found blood upon the snow under the hedge, some distance from the wire, about two and one half feet; and the defendants contended that the na-

ture of the injuries to the plaintiff was such as could easily have been, and must have been, received by being thrown into the hedge instead of against the wire, the defendants also having offered evidence that there were no barbs upon the wire in question.  The defendants further contended that the proximate cause of the injuries to the plaintiff was the negligent operation of the sled by the child who was steering it.  The only inference that would be drawn from the court's charge, or failure to charge more explicitly, in reference to the proximate cause, was that the court assumed that the wire was the proximate cause of the plaintiff's injuries, and the question for the jury to determine was whether or not the defendants were negligent in maintaining it as they did.  This failure on the part of the court to bring to the consideration of the jury any of the defendants' evidence or claims as to the proximate cause of the injuries to the plaintiff, was particularly harmful to the defendants.

Upon the rulings of the court in the admission of evidence objected to, there was no error.  The photographs, while taken some time after the accident, were offered and admitted solely for the purpose of showing the general location of the premises.  "Photographs of a stretch of road, with fences and houses, can never represent such objects in exactly their true proportions and relation to each other.  Whether they show these proportions and relations sufficiently to be of value as evidence in the trial of a cause, is a preliminary question to be decided by the court, and as to which its decision can rarely be reviewed."  *Harris* v. *Ansonia,* 73 Conn. 359, 363, 47 Atl. 672; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000; *Cunningham* v. *Fair Haven & W. R. Co.,* 72 Conn. 244, 249, 43 Atl. 1047.

The only other objection and exception to the admissibility of evidence offered by the plaintiff, considered

by the defendants upon their brief, is concerning damages to the plaintiff's teeth, it being claimed that such injuries were not pleaded. The allegation concerning injuries, in part, is: "By reason of said collision with said barbed wire the plaintiff received severe and permanent injuries about her head and face." This allegation is certainly broad enough, no motion to make more specific having been made, to cover injuries to or loss of teeth by reason of such collision.

The defendants also claim there was error in the allowance by the court of the amendment to the complaint, at the closing of the evidence, striking out the words "contrary to the statutes in such case made and provided." "An amendment to the complaint to conform to the plaintiff's evidence, gives the defendant no just cause of complaint if he is afforded a full opportunity to introduce testimony bearing upon the subject-matter of the amendment. The allowance of such an amendment falls within the discretion of the trial court, whose action will be reviewed . . . only when it appears that such discretion has been abused." *Verdi* v. *Donahue,* 91 Conn. 448, 99 Atl. 1041. After the allowance of the amendment defendants' counsel made no request for permission to offer further testimony, and as it does not appear that there was an abuse of the discretion of the court in allowing this amendment, its action will not be reviewed.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.