RANDOLPH RICHARDSON *vs.* CHARLES W. WHITTIER, trustee.

SAME *vs.* SAMUELS SUPPLY CO.

Suffolk.     December 6, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Elevator, Of person owning or controlling real estate, Trespasser.

An action of tort for personal injuries cannot be maintained either against the owner of a building, or against a tenant using an elevator therein, by one who, while engaged in loading, to a truck at the curbing in front of the building, freight carried to the front of the building from another building not shown to be owned or controlled by either defendant, stepped backward and fell into the elevator well, whose guarding gate had been left open by the tenant who was using the elevator on another floor, where it appeared that the elevator well was set back from the public sidewalk line about twenty-six inches: the plaintiff was a trespasser on the premises and there was no evidence of wanton or reckless misconduct of either defendant.

A regulation of the department of public safety of the Commonwealth, which provides for the maintenance of gates on doors for elevator landings or openings in outside walls and their equipment with locking devices, was intended for the safety of persons who were rightly upon the premises, and not for the protection or safety of mere licensees or trespassers; and it gave the plaintiff in the action above described no ground of action in the circumstances.

TWO ACTIONS OF TORT for personal injuries suffered when the plaintiff fell into an elevator well in premises owned by the defendant in the first action and occupied in part by the defendant in the second action.   Writs dated June 23, 1926.

In the Superior Court, the actions were tried together before *Whiting,* J.   Material evidence is stated in the opinion.   At the close of the plaintiff's evidence, motions by the defendants for verdicts in their favor were allowed.   The plaintiff alleged exceptions.

*J. J. Donahue,* for the plaintiff.

*W. B. Downey*, for the defendant Whittier, trustee.

*P. F. Drew*, (*J. N. Worcester* with him,) for the defendant Samuels Supply Co.

CARROLL, J.   The plaintiff was engaged in placing a refrigerator on a truck which was backed up to the curbing in front of No. 54 Friend Street, in Boston.   The refrigerator had been taken from No. 50 Friend Street and moved along the sidewalk to the truck.   The entrance known as No. 54 Friend Street was a doorway with a granite threshold twenty-six inches wide.   The plaintiff testified that he had no recollection that there was any difference between the level of the threshold and the level of the sidewalk.   The superintendent of the building testified that the threshold was from one and one fourth to one and one half inches above the sidewalk.   On the inside of the doorway there was an elevator, the well of which was variously estimated as from nine feet ten inches to eighteen feet in depth.   The well was set back from the sidewalk line about twenty-six inches.   The defendant Whittier was the owner of the building No. 54 Friend Street, and the defendant Samuels Supply Company was a tenant in this building.   The elevator well at the street floor was equipped with a gate which the plaintiff asserts was defective and failed to drop or close when the elevator left the street level.   As the plaintiff was lifting the refrigerator, he was about to push it and put "his foot back to brace himself and it went into the hole, and he lost his balance and fell backwards" to the bottom of the well.   The gate was open at the time but the plaintiff did not know this.   The elevator was then at the top floor, which floor was occupied by the Samuels Supply Company.   At the conclusion of the plaintiff's evidence, the defendants' motions for directed verdicts were allowed, and the plaintiff excepted.

As the elevator well was twenty-six inches from Friend Street, and the plaintiff was not on the premises as an invitee of the defendants, they were not liable to the plaintiff.   He was a trespasser and the defendants were not guilty of wanton or wilful conduct.   It has been held that an excavation outside the limits of the highway does not constitute a nuisance

for which the landowner is responsible. *Howland* v. *Vincent,* 10 Met. 371. *McIntire* v. *Roberts,* 149 Mass. 450. See *McManus* v. *Thing,* 194 Mass. 362.

The plaintiff relies on *Holmes* v. *Drew,* 151 Mass. 578. There the defendant laid out and paved the sidewalk on her own land in order that it should be used by travellers as the sidewalk of the street, and permitted it to remain as a part of the street to be used by foot passengers. Her conduct it was held amounted to an invitation to the public to use her land so prepared as a part of the sidewalk. These facts distinguish that case from the one before us. *Oliver* v. *Worcester,* 102 Mass. 489, is not in conflict with what has here been said.

The plaintiff put in evidence regulation 15 of the elevator and escalator regulations of the department of public safety of the Commonwealth, which provides for the maintenance of gates on doors for landings or openings in outside walls and their equipment with locking devices. This regulation was intended for the safety of persons who were rightly upon the premises, and it was not established for the protection or safety of mere licensees or trespassers. See *Pizzano* v. *Shuman,* 229 Mass. 240; *Brennan* v. *Keene,* 237 Mass. 556, 562.

The verdicts for the defendants were directed properly. In each case the entry is to be

*Exceptions overruled.*