PEARL I. CONROY *vs.* ALLSTON STORAGE WAREHOUSE INC.

Suffolk.   May 17, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Invited person, Of one owning or controlling real estate.

Evidence, that one was injured through a defect in a curb on private land apparently part of a public sidewalk, which curb had been put upon that land by a stranger, did not require a finding that the landowner had invited the public to use the curb, nor of negligence on his part, if he did not know that the curb was on his land and had done nothing to maintain it.

TORT.   Writ dated May 14, 1934.

The action was heard in the Superior Court without a jury by *Fosdick,* J., who found for the defendant. The plaintiff alleged exceptions.

The plaintiff's eleventh request for ruling was as follows: "Where the actual owner of land does not know he owns land and no one else makes claim or occupies it, there is a presumption that the owner is in control."

*B. Goldman, (H. Krinsky* with him,) for the plaintiff.

*E. J. Sullivan,* for the defendant.

QUA, J.   In her declaration the plaintiff alleges that on September 4, 1933, while she was lawfully passing by invitation of the defendant on a sidewalk adjacent to Harvard Avenue, a public highway in Boston, she was caused to fall and sustained injuries by reason of a defect in a curbing owned and controlled by the defendant, all owing to the negligence of the defendant.

The defendant owned and operated a storage warehouse which was located on a rear lot east of Harvard Avenue. It was connected with the avenue by an open passageway about sixty-five feet long and ten feet wide. The defendant owned the southerly half of the passageway, extending to the street line. It acquired its title in 1915. In 1917 blocks of stores were erected on the front lots facing Har-

vard Avenue on both sides of the passageway. These stores were placed three feet back from the easterly line of the avenue, and the three-foot space between the front walls of the stores and the avenue line on each side of the passageway was covered with concrete level with and similar to the adjoining public sidewalk. But as the level of the passageway was six inches below the sidewalk level, there was a curb crossing the sidewalk at a right angle at each side of the depression where the prolongation of the passageway cut through the sidewalk. When the three-foot strip in front of the new building on the south side of the passageway (referred to as the Price property) was concreted, a concrete curb six inches high, seven inches wide and three feet long was installed at the edge of the passageway as a continuation easterly of the curb which extended across the public sidewalk. Its top was level with the surface of the concrete on the three-foot strip and the sidewalk. This piece of curbing was so placed that only the southerly half of it, three and one half inches wide, was on the Price property and the northerly half, of the same width, was on that part of the passageway owned by the defendant, the boundary line running lengthwise through the center of the curbing. The defendant did not know that part of the curbing encroached upon the defendant's land.

The plaintiff, who had been looking in the windows of the stores on the Price property, was injured by stepping into a broken place which extended across this piece of curbing, including the half of it on the defendant's land.

The trial judge found that one looking at the three-foot private sidewalk on the Price land would observe nothing to indicate that it was not part of the public sidewalk; that the tenant of the Price store next to the passageway used a part of it for the display of fruits and vegetables; that passers-by were invited and induced to use it by the owner or tenants of the Price property; that the defendant had nothing whatever to do with the building of the curbing, gave no permission for it express or implied and never assumed control or management of it, nor did anything toward its removal; that "It was simply allowed to remain

and nobody connected with the defendant ever had anything to do with it at all"; that it did not appreciably hinder the use of the passageway and was of no benefit to the defendant; that "in no way did the defendant expressly or impliedly invite or induce the public to make use of the curbstone in question." He ruled that the defendant was under no obligation to keep the encroaching curbing reasonably safe for the plaintiff's use and found for the defendant.

It is apparent that the plaintiff cannot recover if she was a trespasser or a bare licensee. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368. *McIntire* v. *Roberts*, 149 Mass. 450. *Stevens* v. *Nichols*, 155 Mass. 472. *Richardson* v. *Whittier*, 265 Mass. 478. She is compelled to rely upon an invitation by the defendant to her as a member of the public or, as it has sometimes been called, a "representation" that its land was a part of the street. *Moffatt* v. *Kenny*, 174 Mass. 311, 315. The judge has found that the defendant did not invite the public.

The question before us is not whether the evidence would have supported a contrary finding, but whether as matter of law it required a contrary finding. We think it did not. Extending an invitation or making a representation is essentially a voluntary, affirmative act. It is not merely a result of circumstances or conditions produced by others without the knowledge or consent of the alleged inviter or person making the representation. *Furey* v. *New York Central & Hudson River Railroad*, 38 Vroom, 270, 274–275, cited in *Frear* v. *Manchester Traction, Light & Power Co.* 83 N. H. 64, 68. *Kruntorad* v. *Chicago, Rock Island & Pacific Railway*, 111 Neb. 753. It may be made manifest by words or by deeds. One method of manifesting it by deeds is by so constructing or maintaining one's premises as to indicate to a passer-by that he is expected to enter. Clearly the judge was justified in finding that the owner of the Price lot who had constructed the three-foot sidewalk and curbing as if they were a part of the public sidewalk had invited the public to use them as such. *Holmes* v. *Drew*, 151 Mass. 578. *Sears* v. *Merrick*, 175 Mass. 25. But the plaintiff must prove that the defendant invited

her.   It is not enough for her to show that she reasonably believed she had a right to step on the curbing.   Applying this test, we discover that the defendant had neither made nor authorized any arrangement of its premises which would create the appearance of an invitation.   That appearance had been created wholly by what the owners of the Price land had done, all on that land, except for the encroachment of three and one half inches.   The defendant was ignorant of the encroachment, and the judge could find that it was ignorant reasonably and without fault. The defendant had done nothing to adopt, ratify or maintain the curbing.   The judge could find either that Price had without the knowledge of the defendant disseized the defendant to the extent of the encroachment or at least that she or her tenant had taken practical possession and control of the entire piece of curbing as a part of her three-foot strip which she or her tenant was using for the display of goods and as an approach to the store.   He could find that the defendant's only connection with the matter was a failure, without fault on its part, to discover the trespass against it and to take action in reference to it. We think the judge could properly find that the defendant had not invited the public to use its land and consequently that the defendant is not liable to the plaintiff.   See *Romana* v. *Boston Elevated Railway,* 218 Mass. 76, 82; *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387, 389; *Murphy* v. *Boston & Maine Railroad,* 248 Mass. 78, 81; *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192; *Bruso* v. *Eastern States Exposition,* 269 Mass. 21, 24; *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 442.

In view of the evidence and the findings, we need not consider what inferences might be permissible or required if the case rested solely upon the condition of the premises and the defendant's ownership.   See *Yorra* v. *Lynch,* 226 Mass. 153, 155; *Moss* v. *Grove Hall Savings Bank,* 290 Mass. 520, 523–524.   Compare *Welch* v. *Boston Elevated Railway,* 226 Mass. 87.

Cases like *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, cited by the plaintiff, are not in point, as the plaintiffs in

those cases were not on land of the defendants, and their rights did not depend upon invitation.   And in *Leydecker* v. *Brintnall*, 158 Mass. 292, it was clear that the landlord had given his tenant, as one of the terms of the lease, the right to use all land he had between the stairway and the street line, wherever the boundary might be.   Nor do we accede to the plaintiff's contention that if this defendant is not liable, no one is liable.   See *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216, 219;  *Baker* v. *Tibbetts*, 162 Mass. 468.

The plaintiff's request for ruling number 7 that the defendant was in control of the place where the plaintiff fell could not have been given as a ruling of law.   Although the judge states that he gives it as a finding of fact, that statement is dominated and limited by the more specific findings quoted above.   See *MacLeod* v. *Davis*, 290 Mass. 335. These same findings render immaterial the plaintiff's request number 11.   The remaining requests of both parties, in so far as they have been argued, are covered by what has already been said or have become immaterial by reason of the findings.

*Exceptions overruled.*