TOMASELLO, J. (Carr, J., and Riley, J.)
In an action of tort the plaintiff sought to recover for injuries sustained October 19, 1940, while walking on a public highway in front of premises on Washington Street, near the corner of Laconia Street, in the City of Boston, when she slipped and fell into a hole at the junction of the sidewalk' and the premises in the control of the defendant.
The declaration contained three counts, the first two based on negligence of the defendant in suffering its premises to be out of repair, unsafe and defective; the third count based on the alleged maintenance of a nuisance in permitting the unsafe condition of its premises to exist.
The evidence offered by the plaintiff disclosed that on or about August 7, 1939, the defendant who was the owner and in control of the premises demolished a building which had previously existed on said premises. Subsequently on October 19, 1940, at about 8:30 P. M., on a dark and misty night, while walking on the granolithic portion of the side' walk in front of the defendant’s premises on Washington Street, the plaintiff’s right foot slipped from the edge of the granolithic pavement into a hole which she did not observe at the edge of said pavement, carrying the rest of her body into the hole, a§ far as her knees, together with bricks and dirt which she felt sliding beneath her. The hole in question was approximately 3 or 4 feet in depth and 3 feet length' wise along the granolithic pavement.
The report of the trial judge disclosed that there were no *73 defects in the granolithic pavement or the coal-hole covers located therein.
To permit recovery the plaintiff was required to show that the defendant committed a breach of some legal duty owed by it to her, since negligence consists in doing or omitting to do an act in violation of a legal duty or obligation. Bernabeo v. Kaulback, 226 Mass. 128, 131. Goodwin v. E. B. Nelson Grocery Store, BCT Mass. 232, 234.
The general rule in this country and England seems to be well settled that an abutting property owner who makes an excavation or obstruction on his premises so near an existing highway as to render travel thereon unsafe is liable for consequent injuries to one travelling on the highway who is himself in the exercise of due care. 14 A. L. R. Annotated, pages 1397 to 1398.
In Massachusetts, however, a different rule has been adopted, thus in the case of McIntire v. Roberts, 149 Mass. 450, a traveler on a highway was accidently pushed into an elevator opening adjoining the sidewalk, the owner was held not liable, on the ground that the' obligation is upon the city to put up guards against pitfalls which are so near to a highway as to make it unsafe for travelers, and that there is no duty resting upon abutting owners.
The Court in that case said, “If this elevator opening rendered the sidewalk permanently dangerous to travelers, it was undoubtedly the duty of the City of - to put up a barrier, and if the defendants removed it, they might be liable to travelers who were injured in consequence of its removal, but it has not yet been decided in this Commonwealth that at common law abutters are liable to travelers for injuries received in consequence of excavations made on their land outside the limits of the highway.”
Abutters on a public way have not control of the way as distinguishable from a private way, nor do travelers use a public way by invitation of the abutters.
In the case of Howland v. Vincent, 10 Met. 371, 374, though the excavation was 6 to 18 inches from the edge of the highway, the Court said, “We know of no rule of the common law requiring him (the defendant) to fence the premises . . .”
It has also been held that an excavation outside the limits of the highway does not constitute a nuisance for which the landowner is liable. Richardson v. Whittier, 265 Mass. 478, 479.
The responsibility of maintaining the sidewalk in a safe condition for travelers rests upon the municipalities. Abutters have no duty imposed upon them to repair defects in the sidewalk adjoining the land owned by them. Tiffany v. Vorenberg, 238 Mass. 183.
Accordingly, in Massachusetts, an owner of land abutting *74 on a public way may excavate to the edge thereof and is not liable even though the plaintiff has as a result of her stumbling, slipping or being pushed eventually landed into this excavation.
Order is

Report Dismissed.