JOHN H. LUSCOMBE *vs.* E. F. KEMP, INC., & another.

Middlesex.    May 5, 1948. — June 8, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Negligence,* One owning or controlling real estate, Invited person.

Evidence, merely that a pedestrian, who had been walking in so called "dim-out" conditions on a public sidewalk of brick in front of a building set back from the sidewalk, passed from it, believing that he was still on the sidewalk, over a granolithic area level with it and under the control of the owner and a tenant of the building and thence over an

unguarded gravel area, also under their control, to an abutment of a railroad bridge, where he fell to the railroad, would not have warranted a finding that the owner and tenant by conduct had induced him to cross their land.

TORT. Writ in the Superior Court dated October 26, 1943.

The action was tried in the Superior Court before *Morton, J.*

*J. C. Johnston & H. J. Finkelstein,* for the plaintiff, submitted a brief.

*John J. Sullivan,* (*W. I. Badger, Jr.,* with him,) for the defendants.

WILLIAMS, J. This is an action of tort to recover for personal injuries alleged to have been caused by the negligent control and maintenance of land on Walnut Street, Somerville, owned by the defendant Unit, Inc., and occupied as a tenant by the defendant E. F. Kemp, Inc. The case is before us on report of the trial judge, the plaintiff having excepted to the direction of verdicts for the two defendants at the close of the plaintiff's opening statement to the jury. From this opening, as illustrated to the jury by a plan and photographs which are before us, it appears that the premises in question were located on the westerly side of Walnut Street, north of and adjacent to a bridge which carried Walnut Street over the tracks of the Boston and Maine Railroad. Walnut Street ran substantially north and south and we assume, although it is not so stated, that it was a public way. See *Carney* v. *Proctor,* 237 Mass. 203, 205. Its westerly sidewalk was of brick, six feet in width, from which the land of the defendants extended back fifteen or eighteen feet on a level with the sidewalk to a brick building used for business purposes by the defendant E. F. Kemp, Inc. Over this land, which was surfaced with some granolithic material, was a driveway leading to the building, the two entrances of which were separated by a cement block or island. Foot travellers proceeding on the sidewalk in a southerly direction over the bridge were protected on the bridge at their right by a wooden fence which extended northerly on the street line back from the abutment of the

bridge about twenty feet. Behind this section of the fence and between the bridge and the granolithic pavement on the defendants' land was a gravel area apparently not a part of the defendants' property but stated to be under their control. A large pipe is shown on a photograph emerging from the ground in this area and extending over the trusses of the bridge to the west of the fence in a southerly direction. On the evening of December 7, 1942, under so called "dim-out" conditions, the plaintiff was walking southerly on this westerly sidewalk with the intention of crossing the bridge. In the darkness and "in the belief that he was still on the sidewalk he got over the line of the defendants' property," went behind or to the west of the fence, and fell from the abutment of the bridge to the tracks below. The place of his fall was on Boston and Maine Railroad property, and to reach it the plaintiff was obliged to walk over the gravel area approximately twenty feet from the southerly edge of the granolithic pavement to the abutment.

There is nothing to show that the opening statement of the plaintiff by his counsel was not complete, and for the purposes of this case it is to be treated as true. *Murphy* v. *Boston & Maine Railroad*, 216 Mass. 178. *Sandler* v. *Green*, 287 Mass. 404, 406.

This is not a case where the alleged ground of liability, as in *Howland* v. *Vincent*, 10 Met. 371, and *Lioni* v. *Marr*, 320 Mass. 17, was the maintenance of a dangerous condition by one in control of premises adjoining a public way whereby one travelling on such way was injured. Relying on *Holmes* v. *Drew*, 151 Mass. 578, the plaintiff contends that the defendants by the construction and maintenance of the above described granolithic pavement induced the plaintiff, as a member of the public, to use their land in the belief that it was a part of the public sidewalk which all members of the travelling public had a right to use, and that they violated their obligation to maintain their land in a reasonably safe and convenient condition for such use. See *Plummer* v. *Dill*, 156 Mass. 426, 430; *Moffatt* v. *Kenny*, 174 Mass. 311; *D'Amico* v. *Boston*, 176 Mass.

599; *Richardson* v. *Whittier,* 265 Mass. 478; *Conroy* v. *Allston Storage Warehouse Inc.* 292 Mass. 133; *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165; *Brosnan* v. *Koufman,* 294 Mass. 495. No such inducement by conduct to enter and cross their land is shown. The defendants' premises had a granolithic surface as distinguished from the bricks of the sidewalk. The fact that these premises were maintained on the same level as the sidewalk was insufficient to show a representation by the defendants that such premises were a part of the public way. *Stevens* v. *Nichols,* 155 Mass. 472, 474. There was no assertion made in the opening that the premises were not properly constructed and maintained. It further appears that the injury to the plaintiff resulted from a fall not on the land of the defendants, but on that of the railroad.

Verdicts for the defendants on the plaintiff's opening were properly ordered. *Stevens* v. *Nichols,* 155 Mass. 472.

*Verdicts to stand.*