## THE TOWN OF EAST GRANBY *vs.* THE HARTFORD ELECTRIC LIGHT COMPANY.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In 1899 the defendant's property in East Granby, consisting of a partially completed water-power and electric plant, was assessed at a valuation of $16,600 under the following items: "Mills, stores and manufactories $15,000, dwellings $800, land $800." Prior to October, 1900, the defendant had completed and was operating its plant, the electricity produced by the water-power being transmitted by wires for use in Hartford. In that year it handed in the tax list of its property on the ordinary printed form, writing the numerals "20" before the printed words "Acres of land," and "$800" in the adjoining column under the printed head of "Owner's valuation." It also wrote under the heading of "Owner's valuation," but up and down instead of across the sheet, "The same as last year." The assessors, without any notice to the defendant, completed the list by writing "Plant of the Hartford Electric Light Co. $100,000"; and the present action was brought to collect the tax laid upon the list as thus completed. *Held:*—

1. That it did not appear, either from the finding of the court or from the evidence presented in the record, that the assessors had added any property to the list as filed by the defendant, and therefore the notice required by statute (§ 2307) to be given to the defendant in case of such addition, was unnecessary.
2. That the description of the property as the "Plant of the Hartford Electric Light Co.," was, in connection with the other descriptive words in the list and abstract, sufficient for the purposes of taxation.
3. That although the defendant's dam and reservoir were partly in Bloomfield, the water-power created was "used and appropriated" in East Granby, within the meaning of § 2345.
4. That the abstract of the tax list of 1900, in connection with the lists themselves, were properly admitted to prove the allegation that the property in question had been duly assessed at $100,000 and so set in the list.

Whether the list filed by the defendant in 1900 met the requirements of the statute (§ 2303), *quære.*

Argued October 7th—decided December 18th, 1903.

ACTION to recover a tax, brought to and tried by the

Superior Court in Hartford County, *Roraback, J.;* judgment for plaintiff, and appeal by defendant. *No error.*

*Edward D. Robbins,* for the appellant (defendant).

*Theodore M. Maltbie,* for the appellee (plaintiff).

HALL, J. On October 1st, 1900, the defendant owned taxable property in the plaintiff town consisting of land, buildings and machinery for producing electricity, and a water-power with a dam and reservoir on the Farmington River, one half of the dam being in the plaintiff town and the remainder in the town of Bloomfield; all of which was then completed and in operation for said purpose, and was the only property then owned by defendant in the plaintiff town. Said water-power was used only for the purpose of operating such machinery. The electricity produced was transmitted to and used in Hartford.

On October 1st, 1899, the defendant owned said land but had not completed the erection of said dam and buildings and the placing of the machinery, and that year the defendant's property in said town was assessed at $16,600, being entered in the abstract of tax lists for that year, as stated in the finding, as "20 acres of land $800; buildings $800; mills, manufactories, electric plant, $15,000."

On October 1st, 1900, the defendant filed with the assessors of the plaintiff town what it claims is such a tax list as is described in §§ 3802, 3803 of the General Statutes of 1888 (§§ 2296, 2297 of the Revision of 1902). It was the ordinary printed form for that purpose, upon which the court finds were written before the printed words " Acres of land," the figures " 20," and against that item in the column for valuation, the figures " $800 "; and transversely across said blank and apparently applying to all the other items printed upon it, the words " The same as last year," no value of such other items of property being stated upon said blank.

After receiving this so-called tax list, the assessors " completed the same by writing thereon the words ' Plant of the

Hartford Electric Light Co., $100,000.'" This item was entered against the defendant's name upon the plaintiff's abstract of tax lists for 1900, lodged in the town clerk's office, as "Mills, Stores, and Manufactories, Plant of Electric Light Company, $100,000." No notice of such action of the assessors was given to the defendant until the bill for said tax was presented for payment.

The defendant contends that these facts show that by their action the assessors added to the list given in by the defendant, property not contained in its list, and that the failure of the assessors to give to the defendant the notice of such addition, required by § 3812 of the General Statutes of 1888 (§ 2307 of the Revision of 1902), rendered the tax sought to be collected invalid.

Said sections provide that the assessors may add to the list of any resident, or of any non-resident who has given in such a list as is required of residents, any taxable property which the assessors have reason to believe is owned by him, and is omitted from his list, but that they shall within a certain time give written notice to him of such addition.

The argument of the defendant is, that the facts show that the Hartford Electric Light Company, on October 1st, 1900, handed in a valid list, in which it described its taxable property in the plaintiff town as twenty acres of land, and gave its valuation as " the same as last year "; and that the assessors by writing upon such list, and also against the defendant's name upon the abstract of lists, the words "Plant of the Hartford Electric Light Co., $100,000," added to said list other property than said twenty acres of land, and that therefore, to render the tax valid, the notice should have been given as prescribed by the section of the statute referred to.

Whether we consider the facts as stated in the finding or as established by the evidence before us—and it appears that the defendant offered no evidence upon the trial—they fail to sustain the defendant's claim. It clearly appears, both from the finding of the court and from an inspection of the list itself, that the words "Same as last year" were not written by the defendant upon its list for the purpose of

stating its valuation of the twenty acres of land. If such valuation had already been given as $800, why add "Same as last year"? The owner is not required to give his valuation of the land described in his list, although it is proper for him to do so.

From both the finding and the evidence it is manifest that the words "Same as last year" were used by the defendant to describe, by reference either to the tax records or to the defendant's list of the previous year, all its property taxable in the town on October 1st, 1900, embraced in the printed items upon the blank form, excepting perhaps the twenty acres of land, and very likely these words were intended as a statement also, by such reference, of the owner's valuation of such property.

Assuming, without deciding, that such a list meets the requirements of §§ 3802, 3803 of the General Statutes of 1888 (§§ 2296, 2297 of the Revision of 1902), it does not appear from the record that the property placed by the assessors in the defendant's list, and in the abstract of lists for 1900, was not the same as the property listed and taxed as defendant's taxable property in the previous year. The tax list of 1899 was not laid in evidence at the trial, although the abstract of the lists for that year appears to have been. The plaintiff was not required to produce the list or abstract of 1899 in order to make out a *prima facie* case. There is no presumption that the property described in the list and abstract of 1900 as "Plant of the Hartford Electric Light Co." was not contained and so described in the list of 1899. On the contrary, from the facts proved by the plaintiff and in the absence of opposing evidence, the presumption is rather that the assessors acted regularly and properly, and that the property described in the list of 1900 is the same as that listed and taxed in 1899. It was proper for the assessors in perfecting the lists to examine both the lists and the abstracts of the previous year. Revision of 1888, § 3813; General Statutes of 1902, § 2308. As the defendant claimed that the property described in the list of 1900 was neither the same as that placed in that

list by the defendant, nor the same as that listed in the previous year, and that the tax in question was therefore invalid for want of notice of an addition to its list, the defendant was required, in order to meet the *prima facie* case established by the plaintiff, to present some evidence to support such claim.

Under § 3812 of the Revision of 1888 (General Statutes of 1902, § 2307) the defendant was not entitled to notice of an increase by the assessors of the valuation of the property described in the list, over the owner's valuation given in such list, or over the valuation of the same property in the previous year. *Goddard* v. *Seymour*, 30 Conn. 394, 398 ; *Monroe* v. *New Canaan*, 43 id. 309, 312. The fact that the defendant's property was assessed at $16,600 in 1899 and at $100,000 in 1900 does not, upon the facts in this case, show that the assessors added to the list of 1900 property not described in that list by the defendant, or property not described in the list of the previous year. The facts and evidence before us do not show that the defendant was entitled to the notice prescribed by the section of the statute above referred to.

. The description of defendant's property in the list and abstract of 1900, as " Plant of the Hartford Electric Light Co., $100,000," was, with the other descriptive words with which these words were connected in the tax list and abstract, a sufficient description of property for the purposes of taxation. *Monroe* v. *New Canaan*, 43 Conn. 309, 311 ; *Lewis* v. *Eastford*, 44 id. 477. If it is described in the same words as in the tax record of the previous year to which the defendant referred by the words "Same as last year," the defendant cannot be heard to complain.

Although the defendant's dam and reservoir were located partly in the town of Bloomfield, the water-power created was used and appropriated in the plaintiff town within the meaning of § 3850 of the Revision of 1888 (General Statutes of 1902, § 2345), and all the property taxed was, apparently, properly taxed under the statutes regulating the taxation of such property, as located in the latter town.

The abstract of the tax lists of 1900, which by § 3815 of the Revision of 1888 (General Statutes of 1902, § 2310) the assessors are directed to make and lodge with the town clerk, were properly received in evidence, in connection with the lists themselves, as proof of the allegation of the complaint that the property in question had been duly and properly assessed at $100,000 and so set in the assessment list.

The court properly denied the defendant's motion for further corrections of the finding.

There is no error.

In this opinion the other judges concurred.