## EUGENIA L. MORRIS vs. THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 2348, provides that the board of relief shall not reduce the list of any resident taxpayer who shall not offer to be sworn before them and answer all questions touching his taxable property; and § 2354 allows any person claiming to be aggrieved by the action of said board to make an application, in the nature of an appeal, to the Superior Court, which is empowered (§ 2357) to grant such relief as may be just and equitable. *Held* that a resident taxpayer who claimed that an addition of ten per cent. to her list, made by the assessors and confirmed by the action of the board of relief, was illegal, was entitled to bring her application to the Superior Court; and the mere fact that she did not appear before the board of relief did not oust the Superior Court of its jurisdiction of such application.

What effect a failure to pursue an appeal before such board might have upon the relief which the Superior Court could properly grant, *quære.*

Argued April 14th—decided August 12th, 1904.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the city of New Haven to abate an addition of ten per cent. made by the assessors to the plaintiff's tax list, taken to the Superior Court in New Haven County where a demurrer to the application was sustained (*Shumway, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error, judgment set aside and cause remanded.*

*Charles G. Morris,* for the appellant (plaintiff).

*Leonard M. Daggett,* for the appellee (defendant).

HAMERSLEY, J. In the present case the applicant alleges that a sum equal to ten per cent. of the valuation of all her taxable property has been added to her list, and claims that this addition is an assessment which is clearly illegal. She alleges that this addition was made by the assessors, and

upon appeal to the board of relief was confirmed by the action of that board, which refused to strike the illegal assessment from her list. If this addition to her list is illegal she may be entitled to relief, and, claiming it to be illegal, she was entitled to bring this action and to have the question of legality and relief determined by the Superior Court. The application states in full the facts deemed material by the applicant to the support of her claim. The defendant demurred to the application, because it appeared that after her appeal to the board of relief she failed to appear before that board, and the court sustained the demurrer.

In this the court erred. Waiving the question as to what effect a failure to pursue an appeal before the board of relief may have upon the relief which the Superior Court may properly grant, the mere failure to appear cannot, in this case, deprive the applicant of her right to be heard upon the claimed illegality of this assessment. The appeal presented to the board of relief primarily a question of law, viz. does the statute directing the assessors, when a taxpayer refuses to return a list to them as required by law, to make out a list for him and to add to that list an amount equal to ten per cent. of their valuation, authorize them to make such an addition to the list of the applicant under the circumstances of this case? Upon that question the applicant is entitled to a decision of the Superior Court, after the action of the board of relief has made the alleged illegal assessment binding upon her, and it is immaterial, as affecting this right, what reason may have induced the board to take the action it did.

The defendant also demurred separately to each of three paragraphs of the application. The trial court did not pass upon these demurrers, and it is not necessary for us to do so. If the court had sustained each of these demurrers it should not, for that reason, have dismissed the complaint, for the remaining paragraphs allege facts sufficient to raise a serious question as to the validity of the assessment complained of, and this question the applicant is entitled to have considered by the Superior Court.

There is error, the judgment of the Superior Court is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred, except PREN-TICE, J., who dissented.