GEORGE A. WILCOX vs. THE TOWN OF MADISON.
(TWO CASES)

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Upon appeals from boards of relief, the Superior Court performs a double function; first, it must determine the question, judicial in its nature, whether the applicant has been aggrieved by such action of the board of relief as must result in the payment of an unjust and therefore practically illegal tax, and then, if this question be answered in the affirmative, it must proceed to exercise its broad discretionary power to grant relief, which is largely administrative in character.

The duty (General Statutes, § 1138) of every taxpayer to set forth in the annual return of his taxable property "a separate description of each parcel of real estate" is not satisfied by the use of such referential phrases as "property same as on last year's list;" and the submission of such a list is tantamount to the "neglect or refusal" to give in a proper list which, under the statute, authorizes the assessors to "fill out a list for him" and to add ten per cent to the actual valuation of the property contained therein.

The statute does permit incorporation by reference "to a map on file in the town clerk's office;" but to extend by construction this permission to include reference to recorded deeds or to previous tax lists would impose upon boards of relief an undesirable and impracticable burden.

Under § 1144 of the General Statutes, a taxpayer is entitled to written notice when the assessors add to his list certain property which they have reason to believe was omitted therefrom, but no such notice is required when the action of the assessors is

Wilcox v. Madison.

limited to increasing the valuations of the current list over those of the previous year.

Section 1183 of the General Statutes provides that "lands and separate lots, except house lots, shall be set in the list at their average present and actual valuation by the acre." *Held* that the mere fact that certain lands suitable for house lots are not so listed does not prevent the assessors from estimating their value on the basis of such suitability and from thus arriving at their value per acre.

Section 1233 of the General Statutes provides that a board of relief "shall not reduce the list of any resident of this State who shall not offer to be sworn before them and answer all questions touching his taxable property." *Held* that this statute contemplates an actual appearance in person before the board; and that the plaintiff in the present case had not complied with its terms by merely writing a letter to the effect that he was ready to be sworn and questioned, especially in view of his subsequent refusal to appear before the board when notified that his appeal was to be considered.

Argued June 9th—decided July 30th, 1925.

APPEALS by the plaintiff from the action of the defendant's board of relief in refusing to reduce the assessed value of his taxable estate, taken to the Superior Court in New Haven County and tried to the court, *Brown, J.;* judgment rendered dismissing the appeals, from which the plaintiff appealed. *No error in either case.*

*Claude H. Voorhees* and *Mary E. Manchester,* for the appellant (plaintiff).

*Ernest L. Averill* and *Louis B. Zacher,* with whom was *Arthur W. Marsden,* for the appellee (defendant).

CURTIS, J. The substantial question before a trial court in appeals to it of this nature is whether the applicant has been aggrieved "by such action of the board of relief as must result in his payment of an unjust and therefore practically illegal tax," which, in the instant case, could only arise by an improper list-

ing of the property of the plaintiff or by improperly adding ten per cent to the valuation fixed by the assessors as stated below. *Ives* v. *Goshen,* 65 Conn. 456, 460, 32 Atl. 932. We further said in that case: "The question whether or not an applicant has been aggrieved is made a judicial question, and must be determined in the affirmative before the power to grant relief, which is in its nature largely administrative, and is given in terms so broad as to imply great discretionary power, is called into action" by the trial court.

The trial court by its judgment found that the plaintiff was not aggrieved by the proceedings of the administrative body which were reviewed in these hearings.

The question which the appeal requires us to answer is: Were the conclusions of the trial court illegally or illogically drawn from the subordinate facts?

First we will take up case No. 20020. In the fall of 1922, the applicant filed the regular printed form of a tax list prescribed for 1922, with his name and residence written in at the top, and his signature and that of the official taking his oath, with the date, at the bottom of the first page. The only other writing on this page appears in the column headed "Owner's valuation," written up and down the page, as follows: "No material change in these items of personal property since my return of 1921." The only writing on the second page was the words, "No change in my real estate properties since my detailed tax return of 1921," and under the heading "Choses in Action," the word "None." There was a properly filled out tax list of 1921 on file. This so-called list of 1922 the assessors refused to accept, and thereupon, claiming to act under the provisions of § 1138, made a list for the plaintiff, making a separate description and valuation

of each parcel of real estate, and added thereto ten per cent of what they determined the actual valuation of the property to be.

The court found as to this valuation of the real estate, that it was the fair actual market value of the property assessed.

The plaintiff appealed from such action to the board of relief, and claimed that the assessors were not justified in rejecting the list of 1922, which was based on a reference to the list of the previous year, and hence that the addition of ten per cent to its valuation of the applicant's property was illegal and that the action of the board of relief in not eliminating the ten per cent added to the valuation of his property had in any event caused him to be taxed an unlawful amount. The board of relief ruled, in substance, that under General Statutes, § 1138, a tax list containing merely a reference to a prior list for the "description of each parcel of real estate" was not such a list as was intended by that section of the statute. The court, upon the same facts, reached the same conclusion. In this the court did not err.

It would be an unreasonable and inadmissible construction of § 1138 to so construe it as to permit the property-owners of any town to file a list each year bearing in substance merely the words, "property the same as on last year's list." Section 1138 in its terms imposes on each resident liable to give in a list, the duty of annually giving in a list, making a "separate description of each parcel of his real estate.*

---

* Sec. 1138. TAX LISTS, WHEN TO BE GIVEN IN. Each resident of any town liable to give in a list and pay taxes therein shall, except as otherwise specially provided by law, on or before the first day of November, annually, give in his list, made and sworn to as prescribed by law, making a separate description of each parcel of real estate; and where reference can be made to a map on file in the town clerk's

Wilcox *v.* Madison.

Lists made out as that of the plaintiff would impose on the assessors the duty of verifying and perfecting the lists by reference to a prior detailed list, a duty which § 1138 does not impose upon them, and which assessors, an impermanent body, are not equipped to undertake.

The legislature in enacting § 1138, had the matter of description by reference in mind and provided therein that "where reference can be made to a map on file in the town clerk's office such reference shall be sufficient description." It is a fair implication from this fact that it did not consider any other description by reference admissible. The courts are not in a position to legislate to the effect that only a reference to a prior list may be made, to supply the separate description of each parcel of real estate required. If the courts hold that a description by reference may be made, they must make the rule by holding that, on principle, a description by reference is lawful, which, at least, would involve a description by reference to deeds on record, and to the tax list of a person of any year. This leads to impracticable results, for if a landowner filed a correct list a number of years ago, which old list happened, because of purchases and sales of land meantime, after a considerable period, to correctly describe his present holdings, he could refer to such old list in a present list as a sufficient description of his real estate.

office such reference shall be sufficient description; and if he shall neglect or refuse so to do, the assessors shall fill out a list for him, putting therein all property which they have reason to believe is owned by him, liable to taxation, at the actual valuation thereof from the best information they can obtain, and add thereto ten per centum of such valuation, and in said list they shall make a separate description and valuation of each parcel of real estate. When the first day of November comes on Sunday, then the list may be made out and sworn to the day following.

The assessors are an impermanent body periodically changing in membership, whose work of valuation is not necessarily performed at or near the town clerk's office in any town. It is therefore highly improbable that the legislature intended in § 1138 to permit a description of land by reference. Section 1142, by penalizing an assessor for accepting a list not legally made out and perfected, seems to require the construction of § 1138 given above. The trial court in so construing § 1138 and in concluding that there was no grievance suffered by the applicant in relation thereto, did not err.

The court therefore found that the plaintiff had refused or unnecessarily neglected to give in his sworn list to the assessors as prescribed by law.

Under § 1235, the board of relief, on appeal, could not reduce the list or valuation on any item of property on a list prepared by the assessors where the resident property owner had refused or unnecessarily neglected to give in a list as prescribed by law. In so ruling the court did not err.

The plaintiff claims that when the assessors increased the valuations of the list of 1922 over the list of 1921, they were required to give him notice of such increase under § 1144, but the notice that the property owner is entitled to under this section is notice of additional property added to the list, not a notice of increased valuation. In the instant case (as in the case cited), there was no property entered in the list of 1922 that did not appear in the list of 1921. *East Granby* v. *Hartford Electric Light Co.*, 76 Conn. 169, 173, 56 Atl. 514. The court also found the following fact: "In its said list [of 1922], the valuation fixed by the said board of assessors upon the plaintiff's taxable property was the fair actual market value thereof, and was proportionate to the valuation, and

found by the application of the same rule of valuation, adopted and applied to the assessment of the same kinds of property of other residents of said town."

The applicant also claims that the assessors acted unlawfully in classifying and valuing his real estate under § 1183, which provides in part that "lands and separate lots, except house lots, shall be set in the list at their average present and actual valuation by the acre." It is the apparent claim of the plaintiff that the owner may prevent the valuation of land in the light of its value for building purposes, by not listing it as house lots. This claim is not tenable, although land is listed as a parcel, yet in determining its taxable value per acre the assessors may estimate its value in view of its suitability for use as house lots, and its value per acre for such use may be thus legally established.

In so far as the trial court so held there was no error. It appears therefore that the applicant has not been aggrieved by any proceedings of the board of relief in relation to this tax list of 1922, and none of the reasons of appeal relating thereto can be sustained.

As to the appeal in No. 21269. In this case the finding discloses that the applicant made out (for 1923) a proper tax list. The assessors duly fixed values upon the plaintiff's property listed and from such action the plaintiff appealed to the board of relief.

Section 1233 provides that a board of relief "shall not reduce the list of any resident of this State who shall not offer to be sworn before them and answer all questions touching his taxable property." Apparently to meet these requirements the plaintiff on February 20th wrote to the board of relief that he was ready to comply with these requirements. On February 25th the board wrote to the plaintiff as follows: "The Board

is unable, under the law, to consider appeals, unless the applicant appears and offers to be sworn. You are therefore notified that the Board will consider the matter of your appeal on Friday, February 29, 1924, at 4 p. m., if you care to present yourself at that time, as required by law."

On February 27th and 28th respectively, the plaintiff wrote that he did not wish to appear before the board. The plaintiff did not in fact appear before the board of relief at 4 p. m. February 29th, 1924, for any purpose, nor did he ever so appear.

The board of relief, because of the provisions of § 1233, did not consider the question of the reduction of the valuations on the plaintiff's list of 1923. The plaintiff's offer to appear, under the circumstances disclosed, was not a compliance with this section. It was the duty of the plaintiff as a resident to appear at the first meeting of the board or at an adjournment thereof, and offer to be sworn. See §§ 1230, 1232, 1233.

The trial court also found: "I find upon all the evidence that the valuation fixed by said board of assessors upon the plaintiff's taxable property set forth in said list of 1923, was the fair actual market value thereof, and that it was proportionate to the valuation, and found by the application of the same rule of valuation adopted and applied to the assessment of the same kinds of property of other residents of said town."

This finding fully sustains the assessment of the board of assessors of plaintiff's land by taking into consideration its value as house lots in fixing its value per acre. The conclusion of the court that the applicant has not been aggrieved by any action of the board of relief was legally and logically drawn from the subordinate facts. None of the reasons of appeal are sustained.

There is no error in either case.

In this opinion the other judges concurred.