GEORGE B. MUNGER, TAX COLLECTOR, *vs.* GEORGE A.
WILCOX.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN. and BANKS, Js.

It lies within the sound discretion of the trial court to permit the
plaintiff to amend his pleadings to conform to the evidence,
provided that the defendant is given an opportunity to offer
further testimony if he so desires.

The doctrine of *res judicata* applies to tax proceedings as well as to
ordinary litigation between individuals.

In the present action to collect the taxes assessed against the de-
fendant upon the lists of 1922 and 1923, he sought to raise pre-
cisely the same claims of law and fact which had been involved
in his former appeals from the board of relief and which had
been overruled by the Superior Court and by this court (*Wilcox
v. Madison,* 103 Conn. 149). *Held* that the judgments rendered
in these former proceedings were conclusive against the defend-
ant in the present case.

Argued April 22d—decided June 6th, 1927.

ACTION to collect taxes upon real and personal prop-
erty alleged to be due from the defendant, brought to
the Superior Court in New Haven County and tried
to the court, *Wolfe, J.*; judgment for the plaintiff for
$4,544, and appeal by the defendant. *No error.*

*George E. Beers and Frederick C. Hesselmeyer,* for
the appellant (defendant).

*Ernest L. Averill,* for the appellee (plaintiff).

BANKS, J.   The original complaint in this action
contained four counts, under the first and third of
which it was sought to foreclose tax liens upon the
property of the defendant for taxes on the lists of 1922
and 1923, respectively, and under the second and
fourth to recover judgment for the amount of the taxes

on such years, respectively. At the close of the evidence, plaintiff withdrew his claim for a foreclosure of the tax liens under the first and third counts, and asked permission to amend his complaint, which was granted over defendant's objection. The allowing of this amendment is assigned as error. The amendment allowed struck out paragraph two of the second and fourth counts, which alleged that the defendant was the owner of certain real estate, describing it, and substituted therefor, in each of these counts, a paragraph alleging that the defendant was the owner of certain real estate and personal property, for a description of which reference was made to the assessment lists completed by the assessors of the town, a copy of which was in each case annexed and marked as an exhibit. The allegation in each of these counts as to the amount of the tax claimed to be due and payable remained the same. The amendment was allowed, to conform to the evidence, and defendant was given an opportunity to introduce further evidence if he so desired. The allowance of the amendment was clearly within the discretion of the trial court. *Verdi* v. *Donahue,* 91 Conn. 448, 99 Atl. 1041; *Skaling* v. *Sheedy,* 101 Conn. 545, 552, 126 Atl. 721.

The defendant appealed to the board of relief upon his assessment of taxes for the years 1922 and 1923, being the taxes sought to be recovered in this action, and from the actions of the board of relief to the Superior Court, which dismissed both appeals. This judgment was affirmed upon appeal by this court. *Wilcox* v. *Madison,* 103 Conn. 149, 130 Atl. 84. In his third defense the defendant alleged that the taxes sought to be collected in this action were invalid, because of the action of the assessors in classifying and valuing his real estate as building lots, with the result that it was greatly over-assessed. In his reply to this

defense the plaintiff alleged that all issues of fact and law thereunder were decided adversely to this defendant in the appeal, which he had previously taken from his assessments for these two years. In support of this plea of *res judicata* the plaintiff offered in evidence the files of the Superior Court in the two appeals from the board of relief, which were admitted over the defendant's objection. The court permitted the defendant to testify as to the character of his land, reserving to the plaintiff the right to move to strike out such evidence, and thereafter upon plaintiff's motion struck out the evidence on the ground that the facts and conclusions to be drawn therefrom had already been in issue in the appeals previously taken. These rulings and the conclusion of the trial court that the judgment in those cases was *res judicata* of the question in issue under the third defense are assigned as error. The rulings and conclusion of the trial court were right. "The doctrine of *res judicata* applies as well to tax proceedings as to ordinary litigation between individuals." 34 Corpus Juris, 966. One of the issues in plaintiff's appeal from the assessment on his list for the year 1922 was the precise issue raised under the third defense to the second and fourth counts of the complaint in the present action, and the judgment of the Superior Court in those cases adverse to the present defendant is conclusive and binding upon him in this action.

The defendant makes the further general assignment of error that the enforcement of the tax in question would constitute the taking of property without due process of law. This assignment of error, in so far as it was pursued upon the brief, is apparently based upon defendant's claim that the method adopted by the assessors in arriving at a valuation of defendant's property, as alleged in the third defense, resulted in

an illegal assessment, and therefore is a taking of defendant's property without due process of law. The decision of this court in *Wilcox* v. *Madison, supra,* disposes of that claim.

The ruling of the trial court admitting in evidence the certified copies of defendant's tax lists was correct.

There is no error.

In this opinion the other judges concurred.