## PERCY ATCHISON, ET AL.
### vs.
## TOWN OF NEWTOWN

Superior Court        Fairfield County        File #47699

Present:  Hon. JOHN A. CORNELL, Judge.

Lazarus S. Heyman,            Attorney for the Plaintiff.

Joseph H. Symonds,           Attorney for the Defendant.

**MEMORANDUM FILED JUNE 29, 1935.**

CORNELL, J. In form, the demurrer is defective in that there should have been a separate demurrer to each of the special defenses sought to be attacked.

No objection on that score was made upon argument and the matter will be considered upon its merits in default of such exception taken.

As to so much of the demurrer as applies to the First Special Defense, this is directed to the statement contained in the latter to the effect that "none of the plaintiffs offered to be sworn before said board of relief and answer questions touching said taxable property."

This is based upon a provision in **General Statutes, Rev. 1930 #1196,** which restrains a board of relief from reducing the list of any resident of this state unless such resident shall appear before it and so offer to be sworn. The appellants, here, are allegedly residents.

While the failure to so appear and offering to be sworn may affect the relief which this court may grant (**Wilcox vs. Madison, 103 Conn., 149**) yet such failure, does not deprive the appellant of the right to a hearing upon his application. **Morris vs. New Haven, 77 Conn., 108,** and so a defense which relies upon such a circumstance, alone is not sufficient to prevent such a hearing.

As it applies to the Second Special Defense, the demurrer is predicated on an assertion in the latter of the purport that the instant application was not made within two months from the time of the alleged refusal of the board of relief to reduce the claimed excessive valuations, as required by statute.

A statute of limitations must ordinarily be specially pleaded. **Practice Book #104.**

Where however, a statute confers a right of action which did not exist at common law and fixes the time within which it must be enforced, the time so fixed is a limitation or con-

dition attached to the exercise of the right and is not, mere matter of remedy, alone. DeMartino, Admx. vs. Sieman 90, Conn., 527, 528; New Britain Lumber Company vs. American Surety Co., 113 Conn., 1, 7; Cracke vs. Halcomb, 98 Conn. 770; Karb, Adm. vs. Bridgeport Gas Light Co., 91 Conn. 395.

The entire subject of appeals from assessment of property for purposes of taxation is statutory in origin. Until 1798, no appeal lay from the doings of boards of relief. When it was established, it of course, owed its life to legislative enact- ment. The limitation upon the period during which the right may be exercised, must, within the rule laid down by the authorities cited, supra, be held to be a condition attached to the right itself, rather than a mere statute of limitation af- fecting only a remedy.

The demurrer, insofar as it applies to the first special de- fense is overruled, insofar as it applies to the second special defense, it is sustained.