[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is a tax appeal brought pursuant to General Statutes, Section 12-117a.
On October 1, 1994, the applicant was the owner of certain real property in the City of New Haven, known as 58 Harbour Close, a residential condominium.
On October 1, 1994, the assessor of the defendant assessed the said property at 41.1 percent of its purported true and actual valuation of $135,900.
The applicant appeals from the New Haven Board of Assessment Appeals' decision to make no change in said assessment.
The applicant claims the valuation on which said assessment was based was grossly excessive, disproportionate and unlawful.
On July 7, 1997, the applicant filed a statement of valuation as of October 1, 1991, in the amount of $45,000. On July 8, 1997, the defendant filed its statement of value, stating that the fair market value, as of October 1, 1991, of said property was $91,900.00.
 II
The chronology of events, relevant to this claim, is as follows:
1) In 1992, Harbor Landing Development Corporation("HDLC"), a predecessor in title to Mr. Aboudi, the applicant in this appeal, filed a tax appeal challenging the assessments levied by the defendant City on various condominium units owned by HDLC, including 58 Harbor Close, Harbor Landing Development Corporationv. City of New Haven, J.D. New Haven, No. CV 92-0337237S.
2) Mr. Aboudi, the applicant in the instant action, purchased CT Page 468 58 Harbor Close on February 14, 1994.
3) On or about July 7, 1995, the instant tax appeal was filed by applicant Aboudi.
4) On or about September 28, 1995, PMG Land Associates L.P. ("PMG"), a successor in title to HDLC and a predecessor in title to Mr. Aboudi, entered into a written stipulation with the City in the Harbor Landing tax appeal, stipulating that 58 Harbor Close had a value of $91,885.00, based on the (erroneous) inclusion of the subject property as among the units having a partial waterview.
5) On or about November 17, 1995, judgment was entered in accordance with said stipulation in Harbor Landing DevelopmentCorporation v. City of New Haven, supra.
 III
In its Answer and Special Defense, filed September 9, 1997, the defendant asserts that the value of the subject property wasres judicata in that its valuation had been determined in another appeal, No. CV92-0337237S, Harbour Landing DevelopmentCorporation v. City of New Haven. This is a threshold issue, the determination of which, if found in favor of the defendant, would require the dismissal of this application.
Based on the record, arguments of counsel and consideration of relevant case law, the court finds defendant has met its burden of persuasion regarding its special defense and that the plaintiff's claim of excessive valuation of the subject property is barred as res judicata, having been previously adjudicated inHarbor Landing Development Corporation v. City of New Haven,
Judicial District of New Haven, No. CV92-0337237S ("Harbor Landing").
Res judicata or claim preclusion operates as a bar to a reassertion of a cause of action which has previously been adjudicated in a proceeding between the same parties or those in privity with the parties, and precludes relitigation of all issues decided or which could have been decided, 50 C.J.S., S. 702, Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196.
The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the CT Page 469 court, and prevent wasteful relitigation, Virgo v. Lyons,209 Conn. 497, 501, quoting from Gionfriddo v. Gartenhaus Cafe,15 Conn. App. 392, 401.
The doctrine of res judicata applies as well to tax proceedings as to ordinary litigation between individuals, 50 C.J.S., S. 913, Munger v. Wilcox, 106 Conn. 220, 222.
The essential elements of res judicata that must be established before the doctrine can be invoked are that the parties in the present litigation be the same or in privity with the parties to the earlier dispute that the claim presented in the present action be identical to the one determined in the prior application and that there be a valid, final judgment on the merits, 50 C.J.S., S. 703, Gionfriddo v. Gartenhaus Cafe,15 Conn. App. 392, 405, quoting from Bernhard v. Bank of America,19 Cal.2d 807, 813, 122 P.2d 892 (1942). While the concept of privity is difficult to define precisely, it has been held that "a key consideration for its existence is the sharing of the same legal right by the parties allegedly in privity." State v. Fritz,204 Conn. 156, 173, quoting from BTC Leasing, Inc. v. Marlin,685 S.W.2d 191, 198 (Ky.App. 1984).
In the instant action the defendant is the same as in HarbourLanding, supra. The plaintiff, as the successor in title, twice removed, to the plaintiff in Harbour Landing is in privity with the latter. The claim presented in the instant case, namely that the defendant assessor's valuation of 58 Harbour Close, on the Grand List of October 1, 1994, was excessive, is identical to the plaintiff's claim regarding 58 Harbour Close, determined inHarbour Landing, supra.
When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts. Accordingly a stipulated judgment may operate as res judicata to the same extent as a judgment after a contested trial. Connecticut Water Company v.Beausoleil, 204 Conn. 38, 48, 49 (citations omitted).
There was a valid final judgment on the merits with regard to that said claim, entered on or about November 17, 1995, inHarbour Landing.
IV CT Page 470
This case manifested certain peculiarities, which should be addressed:
(1) The plaintiff in the instant action was unaware, until shortly before time of trial, of the prior adjudication inHarbour Landing. The defendant until shortly before time of trial, had not realized that the valuation of the subject property had been included in the Harbor Landing adjudication. Neither fact serves to defeat defendant's claim of res judicata, Restatement, Judgments, Second, S. 44, and see Restatement, Judgments, Second, Case Citation, 1993 Supplement, S. 44 at P. 356, citing Harvest Steel Corp. v. Barge Sea-Span 241, 828 F.2d 522,524, cert. denied 485 U.S. 1034, 108 S.Ct. 1594, 99 L.Ed.2d 909
(1988). "[O]ne who bought property that was the subject of litigation assumed the risk and burdens of the seller with regard to the pending case; this rule applied even when the buyer was unaware of the pendency of the litigation."
(2) In the judgment entered in Harbour Landing, the subject property was erroneously classified as among those units having a partial waterview, when the subject property had no waterview. This fact does not defeat the defendant's claim of res judicata; a judgment which is erroneous is nevertheless res judicata and a bar to a relitigation of the cause of action, 50 C.J.S. S720; 46 Am.Jur.2d, S. 498. The defendant's action, subsequent to discovering its error, in lowering the valuation on the subject property to $81,075.00, does not affect the finality of the judgment entered in Harbor Landing.
(3) The defendant's assessor, having made corrective adjustments downward in the valuation of the subject property for the Grand Lists of 1995 and 1996, had failed as of the time of trial to make such adjustment for the Grand List of October 1, 1994. This fact in no way defeats the defendant's claim of res judicata. Moreover, defendant indicated that this failure was due to a technical difficulty which would be remedied promptly.
The court concludes that none of the peculiarities cited above, singly or taken together, operate to alter this courts finding of res judicata.
 V
This court finds that the defendant has met its burden of persuasion regarding its special defense and has established by a CT Page 471 fair preponderance of the evidence that the valuation of the subject property is res judicata, having been determined previously in Harbor Landing Development Corporation v. City ofNew Haven, Judicial District of New Haven, No. CV92-0337237S.
Plaintiff's application is, accordingly, dismissed:
DOWNEY, J.