[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8216-z
In this appeal John C. Kucej ("appellant") seeks to reverse the action of the Board of Tax Review of the Town of Trumbull ("Board") dismissing his application for relief from the alleged wrongful assessment of fifteen separate parcels of land ("the property") owned by him. The Board now moves for summary judgment based on its special defense.[1]
The argument asserted by the Board is that the appellant failed to comply with General Statutes 12-113, and that as a result, the Board took no action on his petition for relief. The Board concludes that appellant under those circumstances cannot be aggrieved.
General Statutes 12-113 states in part that:
The board of tax review shall not reduce the list of any person CT Page 8216-aa who does not appear, either in person or by his attorney or agent, and offer or consent to be sworn before it and answer all questions touching his taxable property situated in the town.
Appellant does not dispute that he did not appear before the Board as required by law. He states in his affidavit that he attempted to appear, but due to a family emergency, he was unable to keep the assigned hearing date and was denied a continuance by the Board. (See Affidavit in Opposition to Defendant's Motion for Summary Judgment). He also states that although he was unable to be physically present, the Board could have made a determination from the appraisal documents before it. (Appellant's Affidavit)
The issue before the court is whether Appellant's failure to appear before the Board pursuant to General Statutes 12-113
deprives the court of subject matter jurisdiction. The court concludes that it does not.
The right of appeal from the doings of a board of tax review is CT Page 8216-ab provided by General Statutes 12-118, which states in relevant part: "Any person . . . claiming to be aggrieved by the findings or determinations of the [board] may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . ."
When an appeal is before the court, the court must first determine "`whether the appellant has been aggrieved by such action on the part of the board as will result in the payment of an unjust and, therefore, a practically illegal tax.'" Hartford Hospital v. Board of Tax Review, 158 Conn. 138, 148, 256 A.2d 234 (1969), quoting Sibley v. Middlefield, 143 Conn. 100, 105, 120 A.2d 77
(1956). See also Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606,608, 424 A.2d 282 (1978). If the appellant cannot show aggrievement, the court is without power to grant relief. See Id.; Hartford Hospital, supra.
Morris v. New Haven, 77 Conn. 108, 58 A. 748 (1904), is dispositive of the issue before the court. Morris holds that the failure to appear before the board of tax review to be sworn as required by statute does not deprive the court of subject matter jurisdiction CT Page 8216-ac to hear the appeal. Id., 109.[2] The facts of that case are similar to those herein. The appellant in Morris appealed to the board from the actions of the city's assessors but then failed to appear before the board. The court stated:
 [T]he applicant is entitled to a decision of the Superior Court, after the action of the board of relief has made the alleged illegal assessment binding upon her, and it is immaterial, as affecting this right, what reason may have induced the board to take the action it did.
Id. See also Atchison v. Town of Newtown, 2 Conn. Sup. 142,143-44 (1935).
In support of its motion, the Board cites Wilcox v. Madison,103 Conn. 149, 130 A. 84 (1925), for the proposition that an appellant cannot be aggrieved by a decision of the board of tax review if he or she has not appeared before it and offered to be sworn. The court therein stated that an offer to appear without an actual appearance before the board did not comply with the statute. Id., 156. Nowhere does the court imply, however, that the CT Page 8216-ad trial court lacked subject-matter jurisdiction to hear the merits of the appeal. In fact, the trial court found that "upon all the evidence . . . the valuation fixed by [the] board of assessors upon the [appellant's] taxable property. . . was the fair actual market value thereof. . . ." Id. Wilcox merely held that the dismissal of the appeal on the merits by the trial court "was legally and logically drawn from the subordinate facts." Id.
This court has subject-matter jurisdiction to hear this appeal; therefore, defendant's motion for summary judgment is denied.
Spear, J.