[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Town of Easton (Easton), has filed a motion to dismiss an appeal from an action of the Board of Assessment Appeals (board) of Easton regarding the assessment of property owned by the plaintiffs, Bernard and Gail F. Luckart. Easton contends that the plaintiffs have failed to exhaust their administrative remedies because they failed to attend the hearing of the board. The plaintiffs claim that such a failure to appear does not affect the court's subject matter jurisdiction. Easton filed a reply memorandum in which it argues that failure to attend the meeting is subject matter jurisdictional, and further that the plaintiffs have failed to appeal within the two months provided by General Statutes § 12-117a.
General Statutes § 12-113, as amended byPublic Act 95-283, provides in pertinent part that "[t]he board of assessment appeals shall not reduce the list of any person who does not appear, either in person or by his attorney or agent, and offer or consent to be sworn before it and answer all questions touching his taxable property situated in the town." This statute contemplates an actual appearance in person before the board.Wilcox v. Madison, 103 Conn. 149, 156 (1925). However, Morris v.New Haven, 77 Conn. 108, 58 A. 748 (1904), "despite its venerable age, is the controlling precedent." American Trading Real EstateProperties Inc. v. Trumbull, 215 Conn. 68, 72, 574 A.2d 796
(1990). Morris held that the failure of a party to appear before the board of tax review to be sworn as required by statute does not deprive the court of subject matter jurisdiction. "`It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not.' In re Lane, 58 Cal.2d 99,105, 372 P.2d 897, 22 Cal.Rptr. 857 (1962); see SolbanConstruction Co. v. Government of the Territory of the PacificIslands, 526 F. Sup. 135, 142 (D.C. Mariana Islands 1981)." (Emphasis added.) State v. Dukes, 209 Conn. 98, 110, 547 A.2d 10
(1988). "A subsequent decision cannot, by mere implication, be held to overrule a prior case unless the principle is directly involved and the inference is compelling." Cole v. Cole, 229 N.C. 757,51 S.E.2d 491, 494-95, 6 A.L.R.2d 1335 (1949). Since Morris
is not necessarily inconsistent with Wilcox, this court is bound by the former on the issue before the court. Jolly, Inc. v.Zoning Board of Appeals, 237 Conn. 184, 195 (1996). CT Page 7217
Easton also argues that the plaintiffs' appeal is untimely because the appeal was filed more than two months after both the assessment and the hearing. However, the critical date in measuring whether an appeal has been timely brought is the date notice of the board's decision was issued. General Statutes §12-117a, as amended by Public Act 96-1, as amended byPublic Act 96-261; see also Mary Catherine Development Co. v. Town ofGlastonbury, 42 Conn. App. 318, 679 A.2d 52 (1996). That date is not evident from the file; the affidavits submitted with the motion to dismiss; or the memorandum in opposition. The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court