## KATE MEAD *vs.* ANTHONY W. STRAUSS.

Middlesex.    March 19, 1909. — May 25, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Of one owning or controlling real estate. *Nuisance. Way,* Public.

An apartment house in a city stood fifteen feet back from the sidewalk of the
public highway, and the owner built a sidewalk nine feet wide running from the
entrance of the house, the outer lines of which curved where it joined the side-
walk of the street, so that the entrance walk there was seventeen feet wide.
Abutting on the sidewalk of the street, but upon his own land, the owner of
the house maintained a row of bricks set in serrated form and slightly elevated
above the surface of the sidewalk. Back of the curved line of the entrance
walk where it joined the sidewalk, he maintained a clump of shrubs, and, six
inches from the end of the bushes nearest the sidewalk, and about three inches
back from the line of the sidewalk, a piece of upright pipe with a wooden plug
in it, the whole being about sixteen inches high, and being one of a series of
stakes along the top of which a smooth wire was strung. A woman passing on
a wet night from the house to the street raised the skirt of her gown from
fifteen to twenty inches and, as she turned to the sidewalk, caught it on the top
of the stake and was thrown down. *Held,* that the structures maintained by the
owner did not constitute a nuisance, and also that the owner in maintaining
them was not guilty of negligence toward a person using the entrance of the
building by his implied invitation.

TORT for injuries received as stated in the opinion. Writ in
the Superior Court for the county of Middlesex dated July 15,
1905.

The case was tried before *Stevens,* J., who ordered a verdict
for the defendant. The plaintiff alleged exceptions.

*J. K. Berry,* for the plaintiff.

*J. A. Lowell,* (*J. Lowell* with him,) for the defendant.

KNOWLTON, C. J. The defendant was the owner of an apart-
ment house on Massachusetts Avenue, in Cambridge. The build-
ing stood about fifteen feet back from the southerly line of this
avenue. From the main entrance, which was in the centre of
the building, a brick walk about nine feet wide was constructed,
extending to the sidewalk, and the corners at the intersection of
this walk with the sidewalk were rounded off, so that the en-
trance from the sidewalk into this walk was about seventeen
feet wide. The sidewalk along the front of the premises was

about nine feet and ten inches wide, and abutting on the line of the sidewalk on the southerly side of the avenue was a row of bricks, set upon the defendant's land in serrated form, slightly elevated above the surface of the sidewalk. Opposite the easterly end of the curve formed by the junction of the walk from the entrance, on its easterly side, with the line of the street and sidewalk, there stood in and upon the land of the defendant a piece of pipe, or a stake, having a wooden plug on the top of it, so placed that the top of the plug was three inches further back than the southerly line of the street and sidewalk, the stake slightly leaning towards the street. The top of this was about six inches from a clump of shrubs or bushes, extending westerly therefrom, around the curve, along the walk towards the entrance to the building. This stake was one of several placed along the line of the defendant's land, about three inches southerly of the street line, which stakes were connected by a small, smooth wire. The wire at the stake nearest the entrance was wound around a wooden plug in the top. The line of the wire was about sixteen inches above the level of the sidewalk. The top of the wooden plug was nineteen and three-fourths inches above the level of the sidewalk, and three inches in from the street line, upon the defendant's land.

The plaintiff, in coming away from this house in the evening, lifted the skirt of her gown from fifteen to twenty inches, because the weather was rainy, started around the corner to the eastward, caught her gown upon the top of this stake, and was thrown down. The trunk of an elm tree in the street, not far away, obstructed the rays of an electric light and left this place in a shadow. This action is brought to recover for the injury received by the plaintiff from the fall.

Assuming that she was in the exercise of due care, the only question is whether there was evidence of negligence on the part of the defendant. We think it plain that, treating him as an owner on whose implied invitation the plaintiff had come to the house, there is no evidence that he was negligent in the construction or maintenance of the means of communication between the house and the street. Not only was the walk from the entrance nine feet wide throughout its whole length, but around the curve, at its junction with the sidewalk on each

side, there was a line of shrubs and bushes, and it greatly broadened out to a width of seventeen feet before it reached the place where the first stake was set. There was no such risk of injury to persons entering the house from the street, or departing from it, as to make the defendant liable for negligence in setting up this stake opposite the place where the curve united with the line of the street.

It remains to consider whether he was liable as an abutter, to persons passing on the sidewalk, by reason of the edging of brick along a sidewalk nearly ten feet wide, with this line of stakes and a wire three inches back from the line of his own land. The decisions of this court in *Howland* v. *Vincent*, 10 Met. 371, *McIntire* v. *Roberts*, 149 Mass. 450, 452 and *Quigley* v. *Clough*, 173 Mass. 429, show that he was not. If the law should be held more strictly against abutters than it was in the first of these cases, as it has been held in some courts, and if, in the absence of a railing, an abutter should be deemed liable for a use or condition of his property near the line of the street, such as would unreasonably expose travellers to injury from inadvertently going over the line of the street, there was nothing in the condition upon the defendant's land which would constitute a nuisance or create a liability. Such an accident as happened in this case could not have been anticipated, and the method of marking the line of the sidewalk and preventing travellers from walking over the adjacent land was not an encroachment upon the rights of the public.

*Exceptions overruled.*