## AMELIA O'KEEFE v. SAMUEL T. DIETZ AND ANOTHER.[1]

May 23, 1919.

No. 21,272.

**Municipal corporation — boulder at street corner in residence district.**
The plaintiff was injured by tripping or falling upon a stone placed at the intersection of the two sidewalks by the owner of the corner lot which was terraced to the two streets. The stone rested wholly upon the lot, and was within the property line, except that some four or five inches above the sidewalk its rounded side projected, at one point, one-half an inch beyond the property line. It is *held* that the evidence

[1]Reported in 172 N. W. 696.

showed no actionable negligence and that a verdict was properly directed for the defendants.

Action in the district court for Ramsey County against a landowner and the city of St. Paul to recover $10,000 for injuries received in tripping upon a stone. The facts are stated in the opinion. The case was tried before Brill, J., who when plaintiff rested directed a verdict in favor of defendants. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*J. P. Kyle*, for appellant.

*Moore, Oppenheimer & Peterson, O. H. O'Neill* and *W. J. Giberson*, for respondents.

DIBELL, J.

Action for personal injuries sustained by the plaintiff, a pedestrian, on one of the streets of St. Paul. The trial court directed a verdict for the defendants. The plaintiff appeals from the order denying her motion for a new trial.

Chatsworth street runs north and south and intersects Portland avenue at right angles. The plaintiff on October 31, 1917, between seven and eight in the evening, was walking south on the westerly side of Chatsworth intending to go west on Portland on the northerly side. The defendant Dietz is the owner of the lot at this corner. This lot is something like two and one-half feet higher than the street grade. It is terraced or sloped to each street. At the corner where the two sidewalks meet, the slopes come substantially to the sidewalk level for a small space. The defendant Dietz put a boulder of irregular shape some nine inches high by fourteen inches in its longest dimension on this spot. The stone rested wholly upon his lot and within the property line, but its rounded side at its furthest point of projection overhung Chatsworth for one-half an inch at a point four or five inches above the street. On Portland the stone was at the outermost surface one and one-eighth inches within the property line. The sidewalks were of cement blocks and were of ample width. The district is exclusively residential. The traffic is leisurely and in no sense congested. Both streets are boulevarded. The plaintiff was walking next to the lot line and in some way tripped or fell upon the boulder as she was about to round the corner and was

severely injured.

The question is whether under the facts as we have stated them a jury in the exercise of a fair judgment could find negligence in either of the defendants.

It is a matter of common observation that the disposition of travelers to cut corners results in the frequent injury or destruction of the grass-plot for a space at the corner of intersecting sidewalks. The injury is less frequent and less marked when the lot is terraced. Still it is often substantial. In some way the owner should be permitted to protect himself in the enjoyment of his property. In protecting it he must not make a pitfall or trap or snare for the traveler. He must use his property in recognition of the rights of the traveling public. He may be liable for a trap wholly within his lot. He is not liable in all cases though he encroaches upon the street.

The likelihood that an injury would come was very remote. It was hardly to be anticipated. In Briglia v. City of St. Paul, 134 Minn. 97, 158 N. W. 794, the court said that when the risk seemed so negligible that it would be unreasonable to charge the city with a duty the court would declare nonliability as a matter of law. We view this case as governed by this principle. There was no trap or pitfall. The projection did not appreciably interfere with the use of the sidewalk. It is not likely that there would be a claim of negligence if the boulder had not projected this half-inch, at one point, several inches above the sidewalk. The likelihood of injury because of this projection, if indeed it caused any, was so slight that it was not negligence not to anticipate it and remove the stone.

Counsel for both parties have cited many cases. We have examined them all but it would serve no useful purpose to review them. No one is controlling, but many are useful by way of analogy on some feature or other of the situation. See note 43 L.R.A.(N.S.) 1158; note 40 L.R.A.(N.S.) 182; note 20 L.R.A.(N.S.) 632, 637, 640; 13 L.R.A. (N.S.) 1219; 2 Elliott, Roads & Streets, § 830; 3 Abbott, Mun. Corp. § 1004; 37 Cyc. 287; 6 McQuillin, Mun. Corp. § 2774, et seq.; Quigley v. Clough, 173 Mass. 429, 53 N. E. 884, 45 L.R.A. 500, 73 Am. St. 303; Mead v. Strauss, 202 Mass. 399, 88 N. E. 889; City of Birmingham v. McKinnon, — Ala. —, 75 South. 487; Lund v. Seattle, 99 Wash. 300,

169 Pac. 820. The case of McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022, 83 Am. St. 428, involved a definite and dangerous obstruction to the boulevarded portion of a street at the intersection of the sidewalks and the situation there was very different from the situation here.

Order affirmed.