STEWART *v.* WOODMERE CEMETERY ASS'N.

1. NEGLIGENCE—PERSONAL INJURIES—DEFECTIVE PREMISES — DUTY OF OWNER.

In an action for personal injuries by the owner of a lot in defendant's cemetery caused by an alleged defective cover over a concrete drain inlet in a roadway, testimony by plaintiff that the cover was of improper and defective construction, not suited to the purpose, easily removed from place, likely to be displaced by travelers, and that the roadway was used for travel, *held*, to make the question of defendant's negligence one of fact for the jury, since defendant owed to persons lawfully upon the premises the duty to have such parts thereof as were used for travel in a reasonably safe condition.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The fact that plaintiff went across lots to reach her lot would not render her guilty of contributory negligence, as a matter of law.

3. SAME—DEFECTIVE PREMISES—DEFECT IN CONSTRUCTION—NOTICE.

It was not necessary, in order to recover, for plaintiff to show that defendant had notice, either actual or constructive, of the claimed defective condition of the roadway, since the rule requiring notice is not applicable where the defect is one in construction, as distinguished from a mere condition of repair.

4. EVIDENCE — SUBSEQUENT CONDITION OF DEFECTIVE ROADWAY — ADMISSIBILITY.

Testimony of the condition of a drain inlet and cover as found by witness nearly a year after the accident sued upon, where there was testimony by other witnesses, although somewhat indefinite, that there had been no change in the condition, *held*, admissible.

Error to Wayne; Webster (Clyde I.), J. Submitted June 16, 1920. (Docket No. 23.) Decided July 20, 1920.

Case by Anna B. Stewart against the Woodmere

Cemetery Association for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Sibley, Armstrong, McNair & Mead,* for appellant.

*John G. Cross,* for appellee.

CLARK, J. Plaintiff owned a lot in defendant's cemetery. Throughout the cemetery roadways were provided by which the lots might be reached. To reach her lot the plaintiff, instead of following the roadway, went across lots. Very largely if not wholly within the roadway was a concrete drain inlet, 20 inches by 20 inches inside measurement and about three feet in depth. Over this inlet was a board cover held together by cleats on the under side. The cover was not fastened. The top of the inlet was level with the roadway. In her journey plaintiff stepped on this board drain cover which tipped and she fell into the inlet and was injured. Plaintiff had verdict and judgment.

Defendant here relies upon three grounds of error, principally:

1. That a verdict for defendant should have been directed, it being free from negligence and the plaintiff being guilty of contributory negligence as a matter of law. Defendant offered no evidence. Plaintiff had testimony that the board cover was of improper and defective construction, not suited to the purpose, easily removed from place, likely to be displaced by travelers using the roadway, and that the roadway was used for travel. Defendant owed to persons lawfully upon the premises the duty to have such parts thereof as were used for travel in a reasonably safe condition, therefore the testimony offered by plaintiff made the question of defendant's negligence one of fact for the jury. The plaintiff claimed that the accident happened in the roadway where and when the defendant owed to her the duty aforesaid and that as to the injury suf-

fered by her while on the roadway she was free from negligence. Defendant claimed that the plaintiff was guilty of contributory negligence as a matter of law in leaving the roadway and going across lots. The trial court submitted to the jury the question of plaintiff's contributory negligence. Of this defendant may not complain.

2. That it was not shown that defendant had notice, either actual or constructive, of the claimed defective condition of the roadway. The rule requiring notice is not applied where the defect is one in construction as distinguished from a mere condition of repair. See 28 Cyc. p. 1386; 13 R. C. L. p. 339.

3. That there was error in the admission of testimony. A witness for plaintiff was permitted to testify of the condition of the drain inlet and cover as found by him nearly a year after the accident upon assurance of counsel for plaintiff that by other witnesses it would be shown that in the meantime there had been no change in the condition. The testimony of such witnesses was taken, and while somewhat indefinite, we think, as did the trial court, that it was sufficient to make admissible the testimony complained of.

Other questions briefly referred to by counsel have been considered. No reversible error appearing, the judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.