# ALICE AND ATWOOD L. MERRILL v. MORRIS COURT, INC.[1]

June 13, 1930.

Nos. 27,960, 27,961.

*Anson B. Jackson, Jr.* for appellants.
*Bundlie & Kelley,* for respondent.

OLSEN, C.

Two cases, one by Alice Merrill to recover damages for personal injury, and one by her husband to recover for loss of her services and for expenses incurred by him for medical treatment for the wife. The two cases were tried together. There was a verdict in favor of each plaintiff. Defendant moved in the alternative for judgment

[1]Reported in 231 N. W. 231.

in its favor notwithstanding the verdict or for a new trial in each case. The trial court granted the motions for judgment, and each plaintiff appeals. The two appeals stand or fall together, and decision of the appeal of Alice Merrill will dispose of both. She will hereinafter be referred to as plaintiff.

The defendant owns an apartment building in this city and rents out apartments therein. Plaintiffs were tenants in one of the apartments and had resided therein for more than a year. On the evening of September 4, 1928, plaintiff started to leave the building, opened the entrance door part way, stepped around the edge of the door intending to go upon the entrance walk, and in stepping down missed the walk and stumbled against an iron post located near the building a little to one side of the walk and fell over a wire stretched from this post to another located some six feet farther along the walk. The location of the posts and wire will be more definitely described later. Plaintiff suffered a fracture of the radius of her left arm at the elbow and some minor cuts and bruises. She claims negligence on the part of the defendant. Her claims are substantially as follows: That the check on the entrance door was defective in that it made the door hard to open, required too much force to open the door, and that when the door was pushed open about 30 degrees it caused the door to kick back; that the door kicked back when she had it opened about 18 inches, and this caused her not to open it any wider but to edge around the door. She further claims negligence on the part of the defendant in placing and permitting the post and wire to be in such proximity to the doorsill and walk. There is also a claim that the entrance and walk were insufficiently lighted.

The door check in question was a standard appliance known as a Corbin door check. It had been properly inspected, repacked, and perhaps the spring therein replaced in January of that year. It had remained in the same condition ever since. The door was used daily by these plaintiffs and by 16 or more other tenants and the janitor of the building. So far as appears no one had noticed any defect in the door check, and no complaints were made or notice given to the defendant. No defect therein was discovered after the

accident. The door check has in it a spring which exerts a degree of pressure against the opening of the door and swings it back to close after it is released by the one opening it. There is nothing else to cause any checking of the door as it is being opened. There is a piston working in oil or liquid which does check the door after it starts to close so as to prevent the door from slamming. The testimony is that the appliance, after being placed in proper working condition, is not likely to change or get out of order for some years. The evidence is insufficient to sustain any finding that defendant was negligent in regard to the door check.

The question of lighting is not greatly urged. There was a lantern-shaped electric light just above the door. While somewhat inclosed by metal work, a reasonable amount of light came therefrom. There was an electric light in the hall inside the door which shone through a large glass pane in the door but was partly obscured by a curtain of light material. Opposite this door and about 20 feet away were two similar lights at the entrance to the other wing of the building, with an open space between the two doors. About 30 feet farther to the front were two lantern-shaped electric lights on pillars placed one on each side of the walk leading to the street, with an open space between these lights and the doors. At the edge of the sidewalk, directly in front of the entrance and about 50 feet from this door, was an ordinary street light, with open space between this light and the door. All these lights were burning at the time of the accident. No finding of negligence could be based on failure to provide light.

The entrance door in question is on the side of the west wing of the building. It is three feet and four inches wide. On each side of the door is a narrow window, which, with the framework, is about one foot and eight inches wide. In front of the door and extending in front of this framework and the windows is a cement sill or step four inches thick and about a foot wide from which to step down onto the entrance walk. The walk in front of the door is four feet wide, extending about four inches wider than the door on each side. The posts and wire in question had been placed there

to protect ornamental shrubs planted and growing on a strip of ground about seven feet wide along the side of the building. The post against which plaintiff stumbled was located in the angle formed by the entrance walk and the cement sill mentioned. It stood in front of the narrow window at the side of the door and was distant a little over five inches from the edge of the walk and some few inches from the cement sill. The post was an ordinary iron pipe about 16 inches high. The wire was attached to the post about 14 inches above the ground and extended about six feet along the entrance walk to another similar post located about the same distance from the walk. There was testimony that the posts and wire had been there all summer. Plaintiff's husband however testified that his recollection was that they had been there only about ten days. He did not recollect at what time they were placed there. Plaintiff had no recollection about the matter.

It was defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition for its tenants. It was not an insurer of safety. Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 A. S. R. 623; Kayser v. Lindell, 73 Minn. 123, 75 N. W. 1038; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Strunk v. Wells Brothers Co. 120 Minn. 77, 138 N. W. 1030; Mazey v. Loveland, 133 Minn. 210, 158 N. W. 44, L. R. A. 1916F, 279; O'Keefe v. Dietz, 142 Minn. 445, 172 N. W. 696. The presence of the posts and wire was not inherently dangerous. There was no concealed trap and no dangerous substance or dangerous machinery or appliance. The entrance walk leading from the door was safe and sufficient. The tenants were not supposed to go upon the strip of ground protected by the posts and wire. As said in the case of O'Keefe v. Dietz, 142 Minn. 445, 447, 172 N. W. 696:

"In some way the owner should be permitted to protect himself in the enjoyment of his property. In protecting it he must not make a pitfall or trap or snare for the traveler. * * * The likelihood that an injury would come was very remote. It was hardly to be anticipated."

In McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022, 83 A. S. R. 428, the wire over which plaintiff stumbled was upon a boulevard in a public street, at a street corner and at a place where travelers were likely to cut across. There was a street car line on the street, and cars stopped outside of the boulevard in the usual way. Plaintiff cut across the boulevard to reach a street car.

Chickering v. Thompson, 76 N. H. 311, 82 A. 839, does not throw much light on the question. It was said in the syllabus that, if one injured by tripping on a stake negligently driven in a vacant lot near the sidewalk was crossing the lot at the time of her injury, she could not recover from the lot owner.

We agree with the trial court that the evidence was insufficient to sustain a finding of negligence on the part of the defendant and that defendant was entitled to a directed verdict.

It is stated in appellants' brief that the court granted the motion for judgment on the sole ground that plaintiff had assumed the risk. The record does not so indicate. The motion for a directed verdict was made on the ground that plaintiff had failed to establish any actionable negligence on the part of the defendant and on two other grounds. The motion for judgment non obstante was on the grounds that the verdict was not justified by the evidence, that the court erred in denying the motion to direct a verdict for defendant, and on other grounds. The court did not state on what grounds the motion was granted.

The issue of negligence is decisive of this case, and other questions raised need not be here considered.

Order affirmed in each case.