MASEK, Appellant, vs. BUBENHEIMER, Respondent.

*October 11—November 9, 1938.*

The cause was submitted for the appellant on the brief of *John J. Sullivan* of Milwaukee, and for the respondent on that of *G. L. Mensing* and *E. A. Morgan*, attorneys, and

*Max P. Kufalk* and *Joseph P. Meyeroff* of counsel, all of Milwaukee.

NELSON, J. The circuit court, after considering all of the facts, and approving those specifically found by the civil court, concluded that, as a matter of law, the defendant was not negligent. Since we are of the view that the circuit court erred in its conclusion it will be necessary to recite the facts.

The defendant, his wife, and daughter owned a duplex house located on North Newhall street, in the village of Shorewood. The house was constructed in 1934 and 1935. In April, 1935, the defendant leased the second-floor flat and garage to the plaintiff's husband for a term of one year, commencing May 15, 1935. The house is on the west side of North Newhall street and faces east. The lot has a frontage of forty-four feet, and the house is set back about twenty-five feet from the street. A walk extends from the front entrance straight east to the street sidewalk. The garage is located at the southwest corner of the house. A seven-foot driveway runs from the garage to the street along the south side of the lot. During the summer of 1935, the defendant had done considerable work on his front yard in preparing it for seeding. He seeded it in September. Automobiles, in backing out of the garage, along the driveway to North Newhall street, occasionally ran off the driveway onto the lawn, which happenings apparently incensed the defendant. To prevent cars encroaching upon the lawn, the defendant for a time placed small boulders on each side of the driveway where it connected with the sidewalk. These occasionally were hit by automobiles and displaced. Some time thereafter the boulders were removed and the defendant drove a pipe into the ground at a point ten inches west of the main sidewalk and two inches north of the driveway. The pipe extended about eight inches above the

ground and was about one and one-half inches in diameter. Its top edge was sharp and rough. On November 13, 1935, the plaintiff and her husband left their flat intending to go to a cub-scout party. The plaintiff's husband went to the rear of the house to get his car. The plaintiff left the house at its front entrance, walked along the walk to the street and then proceeded along the street sidewalk to a point where the street sidewalk and the driveway intersected. The plaintiff's husband backed the car out to the sidewalk and stopped. The right-hand door of the car was opened. The car was fairly close to the edge of the driveway. The plaintiff, in attempting to get into the car, struck her left foot against the pipe and fell to the ground. As a result her left foot was badly cut, necessitating medical treatment for four weeks. She suffered considerable pain and sustained a permanent noticeable scar about three inches in length on the front upper part of her foot. The civil court specifically found that the plaintiff had no knowledge that this pipe had been placed there, and that neither she nor her husband had ever been notified of its existence; that there were no signs placed there to indicate the presence of the pipe; that plaintiff did not see the pipe when the accident happened, and in the exercise of ordinary care, could not have seen it; that the plaintiff was exercising ordinary care at the time of the accident; that the premises where the pipe was located were under the control of the defendant; that the plaintiff was lawfully upon the premises at the time the accident occurred; that the placing of the pipe at this spot by the defendant, in the manner in which it was placed, constituted active negligence on his part, and that the plaintiff had suffered damages in the sum of $450. It further appears that after the accident the defendant, when asked why he had put the pipe there, said:

"I put the pipe there so you wouldn't go on my grass, and if you went on the grass it would cut your tire."

The plaintiff, as the wife of the lessee of the upper flat and garage, was lawfully upon the premises as a licensee, and as such licensed to exercise reasonably the right of ingress and egress. In this state, a licensor owes to a licensee the duty of refraining from acts of active negligence rendering the premises dangerous to the use of the licensee. *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Brinilson v. Chicago & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664.

In Restatement, Torts, p. 976, § 360, it is stated:

"Parts of land retained in lessor's control which lessee is entitled to use.

"A possessor of land, who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

and on pp. 826, 827, § 303:

"Acts intended or likely so to affect the conduct of the other or a third person as to involve unreasonable risk.

"An act is negligent if the actor intends it to affect, or realizes or should realize that it is likely to affect, the conduct of another, a third person or an animal in such a manner as to create an unreasonable risk of harm to the other."

In *Osborne v. Montgomery,* 203 Wis. 223, 242, 234 N. W. 372, it was said:

"Every person is negligent when, without intending to do any wrong, he does such an act or omits to take such a precaution that under the circumstances present he, as an ordinarily prudent person, ought reasonably to foresee that he will thereby expose the interests of another to an unreason-

able risk of harm. In determining whether his conduct will subject the interests of another to an unreasonable risk of harm, a person is required to take into account such of the surrounding circumstances as would be taken into account by a reasonably prudent person and possess such knowledge as is possessed by an ordinarily reasonable person and to use such judgment and discretion as is exercised by persons of reasonable intelligence and judgment under the same or similar circumstances."

In *E. L. Chester Co. v. Wisconsin Power & Light Co.* 211 Wis. 158, 173, 247 N. W. 861, it was said:

"Under ordinary circumstances the defendant is liable if it should have anticipated injury to others as a result of its lack of ordinary care, and, generally speaking, it is not necessary that it should anticipate the exact resulting damage. As a general rule, the anticipation of some injury, as distinguished from the precise injury, is all that is necessary."

Applying the law of the Restatement and that of our own cases to the proven facts, it seems clear that the findings of the civil court, viz., that the defendant was guilty of active negligence, that the plaintiff was not negligent and that the defendant's negligence proximately caused the plaintiff's injuries, spells liability. The fact that the defendant drove the pipe with sharp rough edges into the ground so that its top was only eight inches above the ground and quite incapable of being seen in the nighttime, without notifying or warning the plaintiff or her husband as to its presence, supports the conclusion that the defendant ought reasonably to have foreseen that by so doing he would thereby expose the interests of another to an unreasonable risk of harm. The defendant's own explanation as to why he drove the pipe into the ground at that place is sufficient to support the element of reasonable anticipation.

"I put the pipe there so you wouldn't go on my grass, and if you went on the grass it would cut your tire."

That statement brings this case within the rule of *E. L. Chester Co. v. Wisconsin Power & Light Co., supra.*

The circuit court was of the view that the action was ruled by *Mead v. Strauss,* 202 Mass. 399, 88 N. E. 889; *Merrill v. Morris Court, Inc.,* 180 Minn. 565, 231 N. W. 231; and *O'Keefe v. Dietz,* 142 Minn. 445, 172 N. W. 696.

We are of the view that the cases from other jurisdictions upon which the circuit court relied may be distinguished in their facts and in any event are not controlling. We think the findings of the civil court are supported by the evidence; that whether the defendant, under all of the circumstances, was guilty of active negligence was for the court to determine, and that under our law of negligence, the defendant was properly held liable.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.