## MABEL HUTCHISON v. HILLSIDE CEMETERY ASSOCIATION.[1]

April 2, 1942.

No. 33,083.

*Theodore F. Wendland* and *John Ott,* for appellant.
*Keyes, Pardee, Solether & Carr,* for respondent.

[1]Reported in 4 N. W. (2d) 81.

Stone, Justice.

Plaintiff attended a burial service at defendant's cemetery in Minneapolis, November 25, 1939. She was injured when, immediately after the service, she stepped backward to let others pass and tripped on a wire pedestal standing on another grave. The jury found in her favor, and defendant appeals from the judgment. It avers that the evidence was insufficient to charge it with negligence, and that plaintiff's contributory negligence appears as matter of law.

The pedestal was placed by a lot owner as a holder for cut or potted flowers or plants. It was "a foot or so" high and cone-shaped, about 10 inches in diameter at the bottom and smaller at the top. There were similar contrivances on other graves. But it is not denied that, to preserve the "beauty, dignity and repose of the cemetery," the regulations forbid their use, and defendant had power to remove them.

1. Plaintiff was an invitee. Defendant was bound to keep the premises in a reasonably safe condition for her use and give warning of latent or concealed defects. Merrill v. Morris Court, Inc. 180 Minn. 565, 231 N. W. 231; Stewart v. Woodmere Cemetery Assn. 211 Mich. 282, 178 N. W. 654; 4 Dunnell, Dig. & Supp. § 6984; 14 C. J. S., Cemeteries, § 29. It owed her no duty to warn of known or obvious dangers. Theisen v. Minnesota P. & L. Co. 200 Minn. 515, 274 N. W. 617; 38 Am. Jur., Negligence, § 97.

How close the pedestal was to the new grave does not appear from the evidence, but it was within the space occupied by those attending the service. With the jury, it was doubtless determinative that the pedestal was permitted to remain in that area. Persons attending such ceremonies approach and gather around the grave in closely knit groups. Because the lots at Hillside are so close together, it is often necessary for them to stand upon or pass over other graves. It was to be expected that there would be around the new grave a group whose interest and attention would be monopolized by the ceremony. So it is not for us to annul the jury finding that reasonable care required removal of

such objects as this pedestal from the immediate vicinity of the interment.

2. Enough has been said to show that the evidence did not demonstrate, as matter of law, that plaintiff was contributorily negligent. Before the accident plaintiff had not seen the pedestal. On this and other occasions she had seen other similar contrivances at Hillside, but she had been told not to put them on her father's grave there. She admits that had she looked she would have seen, but it is not negligence, as matter of law, for one attending the last solemn rites of interment so to focus attention on the significance and content of the occasion as to be unaware of an obstacle such as that which harmed plaintiff.

Judgment affirmed.